| | |
|---|---|
| 1 | Michael H. Bierman, State Bar No. 89156 |
| | mbierman@luce.com |
| 2 | Jess R. Bressi, State Bar No. 110264 |
| | jbressi@luce.com |
| 3 | Jeffrey D. Wexler, State Bar No. 132256 |
| | jwexler@luce.com |
| 4 | Sekita E. Grant, State Bar No. 259485 |
| | sgrant@luce.com |
| 5 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP |
| | 601 South Figueroa, Suite 3900 |
| 6 | Los Angeles, California 90017 |
| | Tel.: (213) 892-4992 / Fax: (213) 452-8029 |
| 7 | |
| 8 | Attorneys for Defendants Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. and as Receiver for IndyMac Federal Bank, F.S.B. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B., | ) | Case No. CV09-3852 GAF (FFMx) |
| | ) | **STIPULATION TO STAY ACTION AND TO VACATE BRIEFING SCHEDULE AND DECEMBER 7, 2009 HEARING DATE ON DEFENDANTS' ANTICIPATED MOTIONS TO DISMISS AND TO STRIKE; [PROPOSED] ORDER** |
| Plaintiff, | ) | |
| vs. | ) | |
| Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B.; Federal Deposit Insurance Corporation, as Conservator and Receiver of IndyMac Federal Bank, F.S.B.; Federal Deposit Insurance Corporation, in its corporate capacity; and Federal Deposit Insurance Corporation, as Government Entity, | ) | Complaint Served: June 3, 2009 |
| Defendants. | ) | |

1       WHEREAS, plaintiff Deutsche Bank National Trust Company (the
2 "Trustee"), as Trustee for certain residential mortgage-backed securitization trusts
3 sponsored by IndyMac Bank, F.S.B., filed its Complaint on May 29, 2009, naming
4 as defendants the Federal Deposit Insurance Corporation (the "FDIC") (1) as
5 Receiver of IndyMac Bank, F.S.B., (2) as Conservator and Receiver of IndyMac
6 Federal Bank, F.S.B., (3) in its corporate capacity, and (4) as a government entity
7 (collectively, "Defendants");
8       WHEREAS, the Trustee served Defendants with the Complaint on June 3,
9 2009;
10       WHEREAS, pursuant to Fed. R. Civ. P. 12(a)(2), Defendants' answers or
11 other responses to the Complaint were originally due on August 3, 2009, 60 days
12 after service;
13       WHEREAS, on July 30, 2009, the Trustee and Defendants filed a stipulation,
14 pursuant to Local Rule 8-3, granting Defendants a 30-day extension of time, up to
15 and including September 2, 2009, to answer or otherwise respond to the Trustee's
16 Complaint;
17       WHEREAS, on October 14, 2008, the Trustee filed an administrative claim
18 with the FDIC as Receiver for IndyMac Bank which was disallowed on or about
19 March 31, 2009;
20       WHEREAS, on June 9, 2009, the Trustee filed an additional administrative
21 claim with the FDIC as Receiver for IndyMac Bank which is currently pending;
22       WHEREAS, on August 13, 2009, the Trustee filed an administrative claim
23 with the FDIC as Receiver for IndyMac Federal Bank;
24       WHEREAS, on September 1, 2009 the Court entered a stipulated Order
25 [Docket 9] that (a) granted Defendants an additional 14-day extension of time, up to
26 and including September 16, 2009, to answer or otherwise respond to the Trustee's
27 Complaint, (b) set a briefing schedule on Defendants' anticipated motions to dismiss
28

or to strike, and (c) set a hearing on Defendants' anticipated motions to dismiss or to strike for December 7, 2009 at 9:30 a.m.;

WHEREAS, the parties disagree on whether the Trustee has exhausted administrative claim requirements so as to establish subject matter jurisdiction pursuant to 12 U.S.C. § 1821(d)(6) over the claims asserted in the Complaint related to the subject matter of the June 9. 2009 and August 13, 2009 administrative claims (collectively, the "Outstanding Claims");

WHEREAS, the parties have been discussing staying the action to avoid both the need to litigate the issue of whether the Court has such subject matter jurisdiction and the inefficiencies of piecemeal litigation;

WHEREAS, all parties agree that the Trustee will have exhausted the FIRREA-mandated administrative claims process beginning on the earlier of (1) the date the FDIC as Receiver for IndyMac Bank and the FDIC as Receiver for IndyMac Federal Bank have acted on both of the Outstanding Claims; and (2) February 9, 2010 (180 days after August 13, 2009);

IT IS HEREBY STIPULATED between the Trustee and Defendants that:

1. The Court may enter an Order, in the form attached hereto, that provides that:

    (a) this action shall be stayed until February 9, 2010 or until further order of the Court;

    (b) within 10 days after both of the Outstanding Claims have been acted upon, the parties shall so notify the Court, which will then lift the stay;

    (b) Defendants shall have 14 days from the date that the stay is lifted in which to answer or otherwise respond to the Complaint;

    (c) the briefing schedule and the December 7, 2009 hearing on Defendants' anticipated motions to

2

| | |
|---|---|
| 1 | dismiss or to strike set in the Court's September 1, 2009 |
| 2 | Order [Docket 9] shall be vacated; and |
| 3 |       (d)  if Defendants file a motion to dismiss and/or |
| 4 | strike, the parties shall submit a stipulated briefing and |
| 5 | hearing schedule that provides at least as much time for |
| 6 | responses, replies, and a hearing as set forth in the Court's |
| 7 | September 1, 2009 Order [Docket 9]. |

DATED: September 15, 2009

LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Michael H. Bierman
Jess R. Bressi
Jeffrey D. Wexler
Sekita E. Grant

By: /s/ Michael H. Bierman
Michael H. Bierman
Attorneys for Defendants Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. and as Receiver for IndyMac Federal Bank, F.S.B.

DATED: September 15, 2009

FEDERAL DEPOSIT INSURANCE CORPORATION
Thomas L. Holzman (admitted *pro hac vice*)
Scott T. Fleming

By: /s/ Thomas L. Holzman
Thomas L. Holzman
Attorneys for Defendants Federal Deposit Insurance Corporation, in its corporate capacity and as a government entity

| | | |
|---|---|---|
| 1 | DATED:  September 15, 2009 | MORGAN, LEWIS & BOCKIUS LLP<br>Jami Wintz McKeon<br>David L. Schrader |

By:  /s/ Jami Wintz McKeon
Jami Wintz McKeon
Attorneys for Plaintiff Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B.

201038855.1

4