Michael H. Bierman, State Bar No. 89156
mbierman@luce.com
Jess R. Bressi, State Bar No. 110264
jbressi@luce.com
Jeffrey D. Wexler, State Bar No. 132256
jwexler@luce.com
Sekita E. Grant, State Bar No. 259485
sgrant@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 South Figueroa, Suite 3900
Los Angeles, California 90017
Tel.: (213) 892-4992 / Fax: (213) 452-8029

Attorneys for Defendants Federal Deposit
Insurance Corporation, as Receiver for IndyMac Bank,
F.S.B. and as Receiver for IndyMac Federal Bank, F.S.B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B.; Federal Deposit Insurance Corporation, as Conservator and Receiver of IndyMac Federal Bank, F.S.B.; Federal Deposit Insurance Corporation, in its corporate capacity; and Federal Deposit Insurance Corporation, as Government Entity, <br><br> Defendants. | Case No. CV09-3852 GAF (FFMx) <br><br> **MOTION OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER TO DISMISS AND TO STRIKE [Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(f)]** <br><br> Date: June 14, 2010 <br> Time: 9:30 a.m. <br> Place: Courtroom 740, Roybal Bldg. <br> [The Honorable Gary A. Feess] |

TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on June 14, 2010, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Gary A. Feess, United States District Judge, in Courtroom 740 of the United States Courthouse, Roybal Building, 255 E. Temple Street, Los Angeles, California 90012, defendant Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B. and as Receiver for IndyMac Federal Bank, F.S.B. (collectively, the "Receivers") will and hereby do move to dismiss the Complaint filed against them on May 29, 2009 by plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B.:

(1) Pursuant to Fed. R. Civ. P. 12(b)(1), the Receivers will and hereby do move to dismiss the following claims on the grounds that this Court lacks subject matter jurisdiction over them:

(a) Count Six alleging breach of fiduciary duty on the ground that the claim sounds in tort and is therefore subject to the Federal Tort Claims Act (the "FTCA"). Under the FTCA, the Count may as a jurisdictional matter be brought only against the United States. *See* 28 U.S.C. § 2679(a). Furthermore, the Court lacks jurisdiction over Count Six pursuant to the discretionary activity exception to the FTCA, *see* 28 U.S.C. § 2680(a).

(b) Count Eleven for constructive trust on the ground that imposing a constructive trust on receivership assets would restrain or affect the exercise of powers or functions of the FDIC as Receiver and is therefore jurisdictionally barred by 12 U.S.C. § 1821(j).

1

      (c)    All claims for monetary damages based upon the lack of a case or controversy (provided that the Court strikes Deutsche Bank's claims for a superpriority status).

(2)    Pursuant to Fed. R. Civ. P. 12(b)(6), the Receivers will and hereby do move to dismiss the following claims for failure to state a claim on which relief may be granted:

      (a)    Count Three for breach of contract on the grounds that (i) 12 U.S.C. § 1821(d)(2)(G)(i)(II) expressly gives the Receivers the right to transfer any asset or liability of IndyMac or IndyMac Federal without obtaining approval or consent, and (ii) the other alleged breaches of contract are based on promises, representations, and understandings which, pursuant to 12 U.S.C. § 1823(e), cannot be enforced against the Receivers because they are not set forth in a writing executed by both IndyMac and the parties claiming an adverse interest therein.

      (b)    Count Five for breach of the implied covenant of good faith on the grounds that (i) the claim is based on promises, representations, and understandings which, pursuant to 12 U.S.C. § 1823(e), cannot be enforced against the Receivers because they are not set forth in a writing executed by both IndyMac and the parties claiming an adverse interest therein, and (ii) as a matter of New York law, no stand-alone claim for breach of the implied covenant of good faith is available where a claim for breach of contract based upon the same facts is also pled.

2

1     (c) Count Six for breach of fiduciary duty on the
2 grounds that, as a matter of law, (i) the FDIC as Receiver
3 does not owe the alleged fiduciary obligations to Deutsche
4 Bank, and (ii) there is no implied private right of action to
5 enforce the statutes specifying the manner in which the
6 FDIC as Receiver is to manage receivership assets.
7     (d) Counts Seven and Eight for takings on the
8 grounds that (i) the FDIC as Receiver is not the United
9 States for purposes of takings claims, and (ii) the alleged
10 conduct of the FDIC as Receiver is, as a matter of law,
11 insufficient to constitute a taking.
12     (e) Counts Nine and Ten for due process
13 violations on the ground that, as a matter of law, there is
14 no claim for relief against the FDIC based upon alleged
15 violation of the Due Process Clause.
16     (f) Count Eleven for constructive trust on the
17 grounds that (i) imposing a constructive trust on
18 receivership assets is improper under 12 U.S.C.
19 § 1821(d)(13)(C), and (ii) a constructive trust is a remedial
20 device and is not a separate substantive claim.
21     (g) All claims for monetary damages based upon
22 the doctrine of prudential mootness (provided that the
23 Court strikes Deutsche Bank's claims for a superpriority
24 status).
25   (3) Pursuant to Fed. R. Civ. P. 12(f), the Receivers will and
26 hereby do move to strike the following allegations of the Complaint:
27     (a) the Complaint's allegations asserting that
28 Deutsche Bank's claims are entitled to a superpriority

3

| | |
|---|---|
| 1 | status, to be paid before otherwise similarly situated |
| 2 | claimants (paragraphs 129, 131, 137, 140, 145, 153, 174, |
| 3 | 185, and 196 of the Complaint) on the grounds that (a) |
| 4 | there is no statutory or common law basis for altering the |
| 5 | priority scheme mandated by 12 U.S.C. § 1821(d)(11)(A). |
| 6 | (b) the relief sought is barred by 12 U.S.C. § 1821(j) |
| 7 | because it would restrain or affect the exercise of powers |
| 8 | or functions of the FDIC as a receiver, including the power |
| 9 | to distribute liquidation funds pursuant to 12 U.S.C. |
| 10 | § 1821(d)(11)(A). |
| 11 | (c)   All claims for monetary damages based upon |
| 12 | the lack of a case or controversy and the doctrine of |
| 13 | prudential mootness (provided that the Court strikes |
| 14 | Deutsche Bank's claims for a superpriority status). |
| 15 | This motion is based on this Notice, the Memorandum of Points and |
| 16 | Authorities filed concurrently herewith, the Request for Judicial Notice filed |
| 17 | concurrently herewith, the files in this matter, and such further oral or written |
| 18 | argument as may be considered by the Court. |

1        This Motion is made following the conference of counsel pursuant to Local Rule 7-3 that commenced on July 20, 2009 and continued through February 23, 2010.

DATED: February 23, 2010    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Michael H. Bierman
Jess R. Bressi
Jeffrey D. Wexler
Sekita E. Grant


By: _____
Michael H. Bierman
Attorneys for Defendants Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. and as Receiver for IndyMac Federal Bank, F.S.B.

201046413.4

5