| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | JAMI WINTZ MCKEON, State Bar No. 237923<br>jmckeon@morganlewis.com |
| 3 | One Market, Spear Street Tower<br>San Francisco, CA 94105 |
| 4 | Tel:  415.442.1405<br>Fax:  415.442.1001 |
| 5 | Attorneys for Plaintiff |
| 6 | Deutsche Bank National Trust Company, as Trustee for<br>certain residential mortgage-backed securitization trusts |
| 7 | sponsored by IndyMac Bank, F.S.B. |
| 8 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>MICHAEL H. BIERMAN, State Bar No. 89156 |
| 9 | mbierman@luce.com<br>601 South Figueroa, Suite 3900 |
| 10 | Los Angeles, CA  90017<br>Tel:  213.892.4992 |
| 11 | Fax:  213.452.8029 |
| 12 | Attorneys for Defendants<br>Federal Deposit Insurance Corporation, as Receiver for |
| 13 | IndyMac Bank, F.S.B. and as Receiver for IndyMac Bank<br>Federal Bank, F.S.B. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B.,<br><br>               Plaintiff,<br><br>          vs.<br><br>Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B.; Federal Deposit Insurance Corporation, as Conservator and Receiver of IndyMac Federal Bank F.S.B.; Federal Deposit Insurance Corporation, in its corporate capacity; and Federal Deposit Insurance Corporation, as Government Entity,<br><br>               Defendants. | Case No. CV09-3852 GAF (FFMx)<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY AND FEDERAL DEPOSIT INSURANCE COMPANY'S JOINT *EX PARTE* APPLICATION TO STAY ACTION PENDING THE PARTIES' SETTLEMENT NEGOTIATIONS**<br><br>[Memorandum of Points and Authorities; Declaration of John Rosenthal; Declaration of John Warshawsky; [Proposed] Order Filed Concurrently Herewith]<br><br>Complaint Filed: May 29, 2009<br><br>Assigned to: Hon. Gary A. Feess |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B. ("DBNTC"), and Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B., as Receiver for IndyMac Federal Bank, F.S.B., and in its corporate capacity (collectively, the "FDIC" or "Defendants") hereby jointly move *ex parte* pursuant to Federal Rule of Civil Procedure 1 and Local Rule 7-19, for an Order staying the action for ninety (90) days pending resolution of the parties' settlement negotiations to resolve this matter. There are no opposing parties to this application as contemplated by Local Rules 7-19 and 7-19.1 as this application is brought jointly by all parties. The names, addresses and telephone numbers of all parties' counsel are included on the caption of this application. The parties further jointly request to be heard on the issues related to their Application to Stay, if possible, by way of a conference call with the Court to further explain the need for a temporary stay of the proceedings.

Good cause exists for this Application. As detailed in the Memorandum of Points and Authorities in Support of their Motion to Stay and the supporting declarations of John Rosenthal and John Warshawsky, the parties are currently engaged in settlement negotiations that may alleviate the need to litigate the substantial issues involved in this litigation. The parties are moving on an *ex parte* basis due to the impending deadlines in connection with the briefing schedule on the FDIC's Motions to Dismiss, which were filed on February 23, 2010. Specifically, the Court ordered a briefing schedule that requires DBNTC to file its Opposition by no later than March 22, 2010, for the FDIC to file its Reply brief by April 6, 2010, with a hearing date of April 19, 2010. [Docket 28]. A temporary stay of the proceedings while the parties explore settlement of the claims at issue would serve the interests of judicial economy by allowing the parties and the Court to conserve the time, money and resources that would be expended by litigating this

1  action, and the issues related to the Motions to Dismiss, unnecessarily.

2        There is no potential prejudice or any damages that would result from the
3  granting of a stay as all parties are seeking this relief jointly. There would,
4  however, be significant hardship to the parties if the action is not stayed and the
5  parties are required to move forward with litigating this action at this stage.
6  Sizeable judicial resources would be saved by a temporary stay of the proceedings
7  to allow for the parties to potentially resolve this action. *See CMAX, Inc. v. Hall*,
8  300 F.2d 265, 268 (9th Cir. 1962); *see also EEOC v. Canadian Indem. Co.*, 407 F.
9  Supp. 1366, 1368 (C.D. Cal. 1976) (staying proceedings for 60 days pending
10 further settlement efforts between the parties).

11       This application is based the concurrently filed Memorandum of Points and
12 Authorities, Declaration of John Rosenthal, Declaration of John Warshawsky,
13 [Proposed] Order, the pleadings, records, and files in this action, all matters of
14 which judicial notice may be taken, and upon such further evidence and argument
15 as may be presented at any hearing on this matter, if necessary. The contents of this
16 application are acceptable to all persons required to sign the document.

17

18 Dated:   March 10, 2010          MORGAN, LEWIS & BOCKIUS LLP
                                    JAMI WINTZ MCKEON
19                                  DAVID L. SCHRADER

20

21

22                                  By: /s/ Jami Wintz McKeon
                                        Attorneys for Plaintiff
23                                      Deutsche Bank National Trust
                                        Company, as Trustee for certain
24                                      residential mortgage-backed
                                        securitization trusts sponsored by
25                                      IndyMac Bank, F.S.B.

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/21591284.1                      3              JOINT EX PARTE APPLICATION TO STAY

| | | |
|---|---|---|
| 1 | Dated: March 10, 2010 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP |
| 2 | | MICHAEL H. BIERMAN |
| 3 | | JEFFREY D. WEXLER |

By: /s/ Michael H. Bierman
    Attorneys for Defendants Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. and as Receiver for IndyMac Federal Bank, F.S.B.

Dated: March 10, 2010

FEDERAL DEPOSIT INSURANCE CORPORATION
THOMAS L. HOLZMAN
SCOTT T. FLEMING

By: /s/ Thomas L. Holzman
    Attorneys for Defendants Federal Deposit Insurance Corporation, in its corporate capacity and as a government entity