MORGAN, LEWIS & BOCKIUS LLP
JAMI WINTZ MCKEON, State Bar No. 237923
jmckeon@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1405
Fax: 415.442.1001

Attorneys for Plaintiff
Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B

LUCE, FORWARD, HAMILTON & SCRIPPS LLP
MICHAEL H. BIERMAN, State Bar No. 89156
mbierman@luce.com
601 South Figueroa, Suite 3900
Los Angeles, CA 90017
Tel: 213.892.4992
Fax: 213.452.8029

Attorneys for Defendants
Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. and as Receiver for IndyMac Bank Federal Bank, F.S.B.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B.; Federal Deposit Insurance Corporation, as Conservator and Receiver of IndyMac Federal Bank F.S.B.; Federal Deposit Insurance Corporation, in its corporate capacity; and Federal Deposit Insurance Corporation, as Government Entity, <br><br> Defendants. | Case No. CV09-3852 GAF (FFMx) <br><br> **DECLARATION OF JOHN ROSENTHAL IN SUPPORT OF DEUTSCHE BANK NATIONAL TRUST COMPANY AND FEDERAL DEPOSIT INSURANCE COMPANY'S JOINT *EX PARTE* APPLICATION TO STAY ACTION PENDING THE PARTIES' SETTLEMENT NEGOTIATIONS** <br><br> [*Ex Parte* Application; Memorandum of Points and Authorities; Declaration of John Warshawsky; [Proposed] Order Filed Concurrently Herewith] <br><br> Complaint Filed: May 29, 2009 <br><br> Assigned to: Hon. Gary A. Feess |

# DECLARATION OF JOHN ROSENTHAL

I, John Rosenthal, declare as follows:

1. I am a partner with the firm of Morgan, Lewis & Bockius LLP, counsel for Plaintiff Deutsche Bank National Trust Company ("DBNTC"). I am licensed to practice law in California. I have personal knowledge of the facts stated herein, except for those stated on information and belief, and I could and would testify to these facts under oath if called upon to do so. I have been authorized to make this declaration on behalf of DBNTC's and defendants Federal Deposit Insurance Corporation's ("FDIC") Joint Ex Parte Application To Stay Action Pending The Parties' Settlement Negotiations ("Joint Motion").

2. By their Joint Motion, the Parties seek an Order staying the action for 90-days pending resolution of the Parties' settlement negotiations to resolve this matter.  There is good cause to bring this Joint Motion on an *ex parte* basis in light of the impending deadlines in connection with the hearing on the FDIC's Motions to Dismiss, currently scheduled to be heard on April 19, 2010 as set out in the Court's March 1, 2010 Order. [Docket 28].

3. On February 18, 2010, senior representatives of the office of the General Counsel of the FDIC contacted my Firm to request a meeting to discuss the potential resolution of certain outstanding issues between the FDIC and DBNTC.

4. As a result of that phone call, on February 23, 2010, there was a meeting at the FDIC's offices in Washington, DC.  The participants in the meeting included senior members of the Office of the General Counsel fo the the FDIC, senior members of DBNTC's residential mortgage backed securities trust administration business, representatives of the Deutsche Bank Legal Department and myself.

5. At the meeting, the parties discussed their mutual desire to try to resolve certain disputes between them in an amicable fashion, including this case.

1  They shared their perspectives on this case, the claims in it, and possible methods
2  of resolution.
3      6.    The case presents extraordinarily complex issues because it involves:
4  (a) claims asserted on behalf of investors in over 240 trusts which issued over $150
5  billion in residential mortage backed securities, (b) tens of thousands of mortgage
6  loans having a current principal balance in excess of $60 billion, (c) complex issues
7  of fact and law surrounding IndyMac's loan origination, servicing and receivership
8  and (d) complex procedural and practical issues related to the settlement of claims
9  by the trusts. Notwithstanding this complexity, I presented, on behalf of DBNTC,
10 possible approaches to a potential settlement or resolution of the matter that would
11 narrow the issues in ways that could allow the parties to bridge their differences and
12 obviate years of litigation.
13     7.    The FDIC representatives in attendance at the meeting indicated that
14 these ideas were highly productive and asked DBNTC to provide certain additional
15 information and to prepare a more formal and detailed proposal regarding potential
16 resolution of this case that it could review. DBNTC agreed to provide such
17 additional information and such a proposal to the FDIC and is in the process of
18 doing so.
19     8.    The parties have agreed to continue their dialogue after DBNTC
20 provides the requested information.
21     9.    DBNTC believes that a stay of the action would facilitate continued
22 settlement discussions and lead to a greater likelihood of settlement.
23     I declare under penalty of perjury under the laws of the United States of
24 America that the foregoing is true and correct. Executed on March 10, 2010, at San
25 Francisco, California.

_____
John Rosenthal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21590866.1

3

DECLARATION OF JOHN ROSENTHAL IN
SUPPORT OF JOINT *EX PARTE*
APPLICATION TO STAY ACTION