Colleen J. Boles
Assistant General Counsel
Thomas L. Holzman (Admitted *Pro Hac Vice*)
Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, VA 22226
703.562.2369 (Holzman)
703.562.2477 (fax)
thholzman@fdic.gov

Scott Fleming (CA Bar No. 170507)
Federal Deposit Insurance Corporation
Counsel
40 Pacifica, Suite 1000
Irvine, CA 92618
(949) 208-6276
scfleming@fdic.gov

Attorneys for the Federal Deposit Insurance Corporation
in its corporate capacity and as government entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac Bank, F.S.B..** | |
| | **No. CV09-3852 GAF** |
| **Plaintiff,** | |
| | **REPLY OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION IN ITS CORPORATE CAPACITY IN SUPPORT OF ITS MOTION TO DISMISS** |
| **v.** | |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of IndyMac Bank, F.S.B.; Federal Deposit Insurance Corporation, as Conservator and Receiver of IndyMac Federal Bank, F.S.B.; Federal Deposit Insurance Corporation, in its corporate capacity; and Federal Deposit Insurance Corporation, as Government Entity,** | |
| | **Date:  September 13, 2010** **Time: 9:30 a.m.** **Place: Courtroom 740, Roybal Bldg.** |
| **Defendants.** | **[Honorable Gary A. Feess]** |

1    In its Memorandum in Support of its Motion to Dismiss (Docket 21-1), the
2  FDIC in its corporate capacity (FDIC-C) asserted that Deutsche Bank's breach of
3  contract claim against it, Count Three, failed to meet the pleading requirements of
4  Fed. R. Civ. P. 8(b) because it alleged no facts that establish that FDIC-C owed any
5  duties under the Governing Agreements, the contracts allegedly breached.  In
6  response, Deutsche Bank points to no factual allegations in the Complaint plausibly
7  suggesting that FDIC-C owed contractual duties under the Governing Agreements.

8    In particular, the Complaint does not allege facts establishing any of the four
9  bases for contractual liability set forth in the cases cited by Deutsche Bank.  It does
10  not allege that FDIC-C was a signatory or an assignee of those agreements.  Nor
11  does it allege facts establishing that FDIC-C assumed the agreements or that the
12  separate existence of the IndyMac Federal Receivership as assignee of the
13  agreements should be ignored.

14    Instead, Deutsche Bank's Opposition suggests that FDIC-C should be liable
15  for breach of contract because it "personally participated" in the process that
16  culminated in the OneWest transaction.  However, Deutsche Bank cites no cases and
17  enunciates no rationale for imposing contractual liability on a party based solely on
18  its "participation" in a transaction that is alleged to breach a contract.  If the so-
19  called "personal participation" were wrongful, it would be a species of the tort of
20  interference with contractual relations, not a breach of contract.

21    FDIC-C also asserted that Counts Seven through Ten must be dismissed
22  because as a matter of law no action for damages for alleged violations of Deutsche
23  Bank's due process rights would lie against FDIC-C, and an alleged takings claim
24  would lie only against the United States in the Court of Federal Claims.  The
25  Opposition does not address the authority supporting FDIC-C's position.  It also
26  ignores the dispositive precedent cited by FDIC-C concerning separate capacities
27  and the pleading requirement where entities or individuals are legally distinct.

28

In support of its Reply, FDIC-C adopts pursuant to Fed. R. Civ. P. 10(c) the arguments made in Part VI of FDIC-Receivers' Reply, which also apply to the contentions raised in Deutsche Bank's Opposition.

### A.    The Takings and Due Process Claims

As is set forth in FDIC-C's initial Memorandum, *see* Docket 21-1 at 4:8-13, an alleged takings claim like that asserted by Deutsche Bank may only be brought against the ***United States*** and only in the Court of Federal Claims.  *See*, *e.g.*, *Acceptance Ins. Cos. v. United States*, 503 F.3d 1328, 1336-38 (Fed. Cir. 2007).  Moreover, under *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994), no claim for damages for alleged violation of due process rights is available against government agencies.  *See* Docket 23 at 23:18-27.

In its Opposition to FDIC-C's motion, Deutsche Bank does not dispute the holdings in these cases.[1]  In particular, it does not dispute that *Meyer* prohibits a due process claim.  However, Deutsche Bank argues that these cases are inapplicable because Deutsche Bank is seeking the FDIC's own funds, so a judgment would not affect the United States Treasury.[2]  FDIC-C incorporates the arguments set forth in Part VI of FDIC-Receivers' Reply in response to this contention.

### B.    The Contract Claim

In Count 3 of its Complaint, Deutsche Bank alleges that FDIC-C breached the Governing Agreements, even though the Complaint's allegations establish that FDIC-C was neither a signatory to those Agreements nor an assignee of a signatory.

---

[1]    Deutsche Bank maintains, however, that the FDIC may be sued as a "government entity" because that capacity "is what gives rise to the . . . takings and due process claims."  *See* Docket 46 at 9, n.4.  The parties do not dispute that that FDIC-C is a "government entity" or that FDIC operates in separate capacities (as a corporation and as the receiver of failed financial institutions).  However, FDIC-C does not, as Deutsche Bank suggests, operate in a separate "government entity" capacity that somehow acts as an overarching umbrella over its corporate, receivership, conservatorship and other capacities.  This remains true for the reasons set forth in FDIC-C's initial Memorandum.  *See* Docket 21-1 at 4:26 – 5:8 & n.3.

[2]    *See* Opposition to Plaintiff Deutsche Bank National Trust Company to Defendants Motions to Dismiss and to Strike, Docket 47 at 24:27 – 26:20.

FDIC-C moved to dismiss on the ground that the essentially naked allegation of contractual liability under these circumstances failed to satisfy the pleading standards of Fed. R. Civ. P. 8.

In its Opposition, Deutsche Bank contends that the Complaint alleges "facts that are plausibly suggestive that the FDIC-C personally participated in the overall process that led to the selling of the servicing rights to OneWest." Docket 46 at 7:25-28.  In particular, Deutsche Bank contends that because the term "FDIC" in the Complaint means the FDIC in all its capacities, the Complaint alleges that FDIC-C: (1) was a party to the agreement under which the IndyMac Receiver transferred its rights and obligations under the Governing Agreements to IndyMac Federal; (2) "participated in" the OneWest transaction; (3) "acted outside the scope of its authority" in the OneWest transaction; (4) failed to follow the procedures provided in the Governing Agreements; and (5) benefitted from the OneWest transaction.  *See id.* at 8:1-19.

Deutsche Bank argues that these allegations establish "a web of transactions involving the FDIC in all its capacities" causing harm "to the Trusts and Trustee," *id.* at 8:20-22, and that the "Complaint adequately pleads under Rule 8 the conduct by the FDIC in every capacity." *Id.* at 9:11-12.  However, none of these allegations plausibly suggests that FDIC-C had contractual obligations under the Governing Agreements, and Deutsche Bank does not claim otherwise.  Without plausible allegations that FDIC-C owed contractual obligations to Deutsche Bank under the Governing Agreements, the alleged "bad acts" of FDIC-C cannot be the basis for a breach of contract claim.

There is no dispute that FDIC-C was not a signatory, or an assignee of a signatory, to the Governing Agreements.[3]  Thus, for Deutsche Bank to avoid

---

[3]     For example, FDIC-C was not a signatory to the May 1, 2005 Pooling and Servicing Agreement (PSA) between IndyMac Bank and Deutsche Bank, attached as Exhibit A to Deutsche Bank's Opposition.  *See* Docket 46-1.  Deutsche Bank also

1    dismissal, it must adequately plead facts demonstrating that FDIC-C somehow

2    assumed the Governing Agreements or bore vicarious liability for breaches by a

3    party to them.  The Complaint makes no such allegations.

4         The two cases Deutsche Bank relies on in its Opposition do not support

5    contractual liability under the allegations of the Complaint.  In *Impulse Marketing*

6    *Group, Inc. v. National Small Business Alliance*, 2007 WL 1701813 (S.D.N.Y. June

7    12, 2007), the court noted that under hornbook New York law, "a non-signatory

8    cannot be named as a defendant in a breach of contract action unless it has thereafter

9    assumed or been assigned the contract."  *Id.* at \*5.  In that case, the court determined

10   that under the allegations of the complaint, the non-signatory had assumed the

11   contract.  *See id.* at \*6.  The complaint alleged that the non-signatory, *inter alia*,

12   micromanaged all of the transactions underlying the contract, explicitly admitted

13   that it was a party to the contract, had principals who were the main contacts during

14   performance of the contract, and made payments for services rendered under the

15   contract,  *See id*. at \*2.  Here, Deutsche Bank nowhere alleges that FDIC-C assumed

16   the Governing Agreements.  Nor does the Complaint allege any facts that would

17   permit that legal conclusion.

18        Similarly, in *Dial-A-Mattress Operating Co. v. Mattress Madness, Inc.*, 847

19   F. Supp. 18, 20 (E.D.N.Y. 1994), *denying reconsideration of* 841 F. Supp. 1339

20   (E.D.N.Y. 1994), the defendants argued that an individual could not be bound by a

21   contract entered into by Dial-A-Mattress, the company of which he was president.

22   The court concluded that the individual, rather than Dial-A-Mattress, had received

23   all of the benefit of the deal by way of checks made payable to him and another

24   corporation and endorsed by him and/or that corporation, and that the individual's

25   attempt to avoid the contract was "tantamount to fraud upon plaintiff."  *Id.*

26   However, Deutsche Bank's reliance on *Dial-A-Mattress* with respect to this case is

27   _____

28   implicitly admits, *see* Docket 46 at 8:1-19, that FDIC-C was not a signatory to what
     it alleges was the key contract, the March 19, 2009 agreement.

misplaced because, FDIC-C as a matter of law, cannot be responsible for the acts of the FDIC in its receivership capacity.  In light of the separate capacities doctrine, Deutsche Bank has not and cannot allege alter-ego facts that would justify disregarding the distinction between FDIC-C and the FDIC in its receivership capacities.

Deutsche Bank's Complaint is a studied attempt to avoid the separate capacities doctrine through indefinite pleading.  As set forth in FDIC-C's initial Memorandum, *see* Docket 21-1 at 8 n.4, Deutsche Bank's use of the term "FDIC" in paragraph 63 through 67 of its Complaint – which it considers the key paragraphs, *see* Docket 46 at 8:5-16 – improperly conflates the FDIC's corporate and receivership capacities, violating both *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009), and *Al-Kidd v. Ashcroft*, 580 F.3d 949, 974 n.23 (9th Cir. 2009).  Deutsche Bank fails to address the holdings of *Iqbal* and *Al-Kidd* that where, as here, vicarious liability does not apply because of the separate capacities doctrine, a complaint fails to satisfy Rule 8 if it does not specify in its allegations which of separate entities or persons named in the Complaint is the subject of the allegations. *See Iqbal*, 129 S. Ct. at 1948, *quoted in Al-Kidd*, 580 F.3d at 974 n.23.  These cases bar Deutsche Bank's implicit argument, *see* Docket 46 at 8 n.3, that it can properly conflate the FDIC's two capacities in its allegations.

It is impossible to discern from the Complaint what, if anything, FDIC-C did in connection with the March 19, 2009 agreement that could support the imposition of contractual liability on it under the Governing Agreements.[4]  As noted in FDIC-C's initial Memorandum, *see* Docket 21-1 at 9:4-12, the allegations as pled more

---

[4]     When FDIC-C conducts authorized regulatory oversight activities with respect to an institution such as the IndyMac Federal conservatorship, no assumption arises that it intended to assume "contracts of the troubled institution."  *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993).  This rule applies even when FDIC-C's activities are quite extensive.  *See United States v. Gaubert*, 499 U.S. 315, 332-34 (1991).

closely resemble a claim for tortious interference with contractual rights, but any such claim is barred by the FTCA.  Deutsche Bank may not simply recite that FDIC-C took actions when such actions are obviously assigned by law to FDIC-Receivers.[5]  *Iqbal* and *Al-Kidd* plainly require more specific pleading under Rule 8 to avoid dismissal.

Deutsche Bank has asked this Court for leave to amend if the Court concludes that its Complaint fails to state a claim.  FDIC-C submits that granting leave would be pointless. In light of the doctrine of separate capacities and the difficult standard Deutsche Bank faces for stating a claim, where, as here, FDIC-C is not a signatory or assignee of the contracts at issue and has not become a party to them by operation of law, Deutsche Bank faces a virtually non-existent chance of ever being able to state a claim.  If Deutsche Bank had any relevant, concrete facts rather than the vague, conclusory statements it has offered in the Complaint and Opposition, it would have presented them. It certainly has nothing comparable to the factual allegations in the cases it has cited in support of its position. The case against FDIC-C should be dismissed with prejudice.  *See, e.g., Rubke v. Capitol Bancorp, Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009) (dismissal of complaint without leave to amend is proper where "it is clear that the complaint could not be saved by any amendment").

---

[5]   The allegations relied on by Deutsche Bank, *see* Docket 46 at 8:5-16, that the "FDIC" "participated in the transaction" leading to the sale of the servicing rights without the obligations (Complaint, ¶ 63), "acted out of the scope of its statutorily defined authority" (*id.*, ¶ 65), or failed to follow the procedures in the Governing Agreements (*id.*, ¶ 67) appear on their face to be alleging acts of the IndyMac Federal Receiver, not FDIC-C.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons as well as those set forth in FDIC-C's initial Memorandum and the portions of FDIC-Receivers' memoranda incorporated by reference, the Complaint should be dismissed as to FDIC-C, with prejudice.

Dated:  August 20, 2010                    Respectfully submitted,


/s/Thomas L. Holzman
Thomas L. Holzman
Counsel
Federal Deposit Insurance Corporation

201063204.2