1 | MORGAN, LEWIS & BOCKIUS LLP
JAMI WINTZ MCKEON, State Bar No. 237923
2 | jmckeon@morganlewis.com
One Market, Spear Street Tower
3 | San Francisco, CA 94105-1126
Tel: 415.442.1000
4 | Fax: 415.442.1001

5 | MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
6 | dschrader@morganlewis.com
300 South Grand Avenue
7 | Twenty-Second Floor
Los Angeles, CA 90071-3132
8 | Tel: 213.612.2500
Fax: 213.612.2501

9 |

10 | Attorneys for Plaintiff
Deutsche Bank National Trust Company, as Trustee
for certain residential-backed securitization trusts
11 | sponsored by IndyMac Bank, F.S.B.

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for certain residential mortgage-backed Trusts sponsored by IndyMac Bank, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of IndyMac Bank, F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Conservator and Receiver of IndyMac Federal Bank F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Government Entity, <br><br> Defendants. | Case No. CV09-3852 GAF (FFMx) <br><br> **OPPOSITION OF DEUTSCHE BANK NATIONAL TRUST COMPANY TO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)** <br><br> Date: April 18, 2011 <br> Time: 9:30 a.m. <br> Dept.: 740, Roybal Building <br> Judge: Gary A. Feess <br><br> [Declaration of Gregory T. Parks; Opposition to Motion for Leave to File Motion for Reconsideration; and Opposition to Motion for Reconsideration filed concurrently herewith] |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8

OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF ARGUMENT .......................................................................1

II.  STANDARD OF REVIEW .......................................................................2

III.  ARGUMENT ...........................................................................................4

    A.  The FDIC-R has Failed to Satisfy the Requirements for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) .......................4

        1.  No Controlling Question of Law ................................................4

        2.  No Substantial Ground for Difference of Opinion ....................6

        3.  An Interlocutory Appeal Would Not Materially Advance Termination of Litigation ........................................................10

    B.  The FDIC-R's Substantive Arguments Lack Merit ............................11

        1.  It Is Procedurally Improper for the FDIC-R to Assert New Arguments in Its Motion to Certify ...........................................12

        2.  The FDIC-R Is Not Entitled To FIRREA's Protections When It Breaches Pre-Receivership Contracts.........................15

        3.  Section 1821(d)(2)(G) Does Not Preempt Contractual Consent Provisions ..................................................................22

IV.  CONCLUSION .....................................................................................24

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1

**TABLE OF AUTHORITIES**

2

3

**Page**

**FEDERAL CASES**

4

*Adagio Investment Holding Ltd. v. FDIC,*
338 F. Supp. 2d 71 (D. D.C. 2004) ................................................ 24

5

*Arizona v. Ideal Basic Indus. ("In re Cement Antitrust Litig."),*
673 F.2d 1020 (9th Cir. 1982) ................................................ 3, 4

6

7

*Bank of New York v. FDIC,*
503 F.3d 1 (D.C. Cir. 2007) ................................................ 10, 23

8

*Battista v. FDIC,*
195 F.3d 1113 9th Cir. 1999) ................................................ 8, 16

9

10

*Broad v. Sealaska Corp.,*
85 F. 3d 422 (9th Cir. 1996) ................................................ 12

11

*Cetacean Cmty. v. Bush,*
386 F.3d 1169 (9th Cir. 2004) ................................................ 19

12

13

*City of Yonkers v. Otis Elevator Co.,*
844 F. 2d 42 (2nd Cir. 1988) ................................................ 15

14

*Coopers & Lybrand v. Livesay,*
437 U.S. 463, 57 L. Ed. 2d 351,
98 S. Ct. 2454 (1978) ................................................ 3

15

16

*Couch v. Telescope, Inc.,*
611 F.3d 629 9th Cir. 2010) ................................................ 8, 10

17

*Crawford v. Lungren,*
96 F. 3d 380 (9th Cir. 1996) ................................................ 12

18

19

*Delia v. City of Rialto,*
621 F.3d 1069 (9th Cir. 2010) ................................................ 20

20

*Dragor Shipping Corp. v. Union Tank Car Co.,*
371 F.2d 722 (9th Cir. 1967) ................................................ 19

21

22

*E.W. Lines v. Bank of Am. Nat'l Trust & Sav. Ass'n,*
743 F. Supp. 176 (S.D.N.Y. 1990) ................................................ 13, 14

23

*ESI, Inc. v. Coastal Power Prod. Co.,*
995 F. Supp. 419 (S.D.N.Y. 1998) ................................................ 14

24

25

*Haber Oil Co. v. Swinerhart ("In re Haber Oil Co."),*
12 F. 3d 426 (5th Cir. 1994) ................................................ 13

26

*Henderson v. Bank of New Eng.,*
986 F.2d 319 (9th Cir. 1993) ................................................ 18

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8

ii

OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1

2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3

*Home Capital Collateral Inc. v. FDIC,*
 96 F.3d 760 (5th Cir. 1996)................................................................20

4

*In re Koreag, Controle et Revision S.A.,*
 961 F. 2d 341 (2nd Cir. 1992)......................................................13, 14

5

6

*In re LDK Solar Sec. Litig.,*
 584 F. Supp. 2d 1230 (N.D. Cal. 2008) ...............................................3

7

*Lakeland Village Homeowners Ass'n v. Great Am. Ins. Group,*
 727 F. Supp. 2d 887 (E.D. Cal. 2010) .................................................3

8

9

*LaShawn A. v. Barry,*
 87 F.3d 1389 (D.C. Cir. 1996) ...........................................................23

10

*Life Ins. Co. of North America v. Reichardt,*
 591 F. 2d 499 (9th Cir. 1979) .............................................................12

11

12

*McAndrews v. Fleet Bank,*
 989 F.2d 13 (1st Cir. 1993) ..........................................................10, 23

13

*McCarthy v. FDIC,*
 348 F.3d 1075 (9th Cir. 2003) .....................................................passim

14

15

*Miranda B. v. Kitzhaber,*
 328 F.3d 1181 (9th Cir. 2003) ............................................................20

16

*O'Melveny & Myers v. FDIC,*
 512 U.S. 79, 129 L. Ed. 2d 67,
 114 S. Ct. 2048 (1994) .......................................................................22

17

18

*Republic of the Philippines v. Marcos,*
 806 F. 2d 344 (2nd Cir. 1986) ............................................................14

19

20

*Rosa v. Resolution Trust Corp.,*
 938 F.2d 383 (3d Cir. 1991)..........................................................20, 21

21

*Sahni v. Am. Diversified Partners,*
 83 F.3d 1054 (9th Cir. 1996) ...........................................................9, 22

22

23

*Sharpe v. FDIC,*
 126 F.3d 1147 (9th Cir. 1997).....................................................passim

24

*Shurance v. Planning Control Int'l, Inc.,*
 839 F.2d 1347 (9th Cir. 1988)..............................................................4

25

26

*Stamm v. Paul,*
 121 F.3d 635 (11th Cir. 1997) ............................................................20

27

28

*Superintendent of Ins. for N.Y. v. Ochs ("In re First Cent. Fin. Corp."),*
 377 F. 3d 209 (2nd Cir. 2003) ............................................................15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

**TABLE OF AUTHORITIES**
**(continued)**

Page

*United States v. Carlson,*
    900 F. 2d 1346 (9th Cir. 1990)................................................ 12, 13

*United States v. Coluccio,*
    51 F. 3d 337 (2nd Cir. 1995) ........................................................ 14

*United States v. Woodbury,*
    263 F.2d 784 (9th Cir. 1959)............................................................ 2

*Village of Oakwood v. State Bank & Trust Co.,*
    539 F.3d 373 (6th Cir. 2008)......................................................... 20

*Waterview Mgmt. Co. v. FDIC,*
    105 F.3d 696 (D.C. Cir. 1997) ........................................... 9, 10, 23

**STATE CASES**

*Simonds v. Simonds,*
    45 N.Y.2d 233,
    380 N.E.2d 189 (1978) ................................................................ 14

**FEDERAL STATUTES**

12 C.F.R. § 563.39 (2011) ................................................................ 21

12 U.S.C. § 1821.................................................................... *passim*

28 U.S.C. § 1292.................................................................... *passim*

**UNPUBLISHED CASES**

*Chiron Corp. v. Abbott Labs.,*
    No. C-93-4380,
    1996 WL 15758 (N.D. Cal. Jan. 3, 1996) ................................. 3, 11

*Friedman v. 24 Hour Fitness USA, Inc.,*
    No. CV 06-6282,
    2009 WL 545783 (C.D. Cal. Mar. 3, 2009) ............................... 3, 4

*In re Conseco Life Ins. Cost of Ins. Litig.,*
    No. ML 04-1610,
    2005 WL 5678841 (C.D. Cal. May 31, 2005) ............................... 5

*In re First Am. Corp. ERISA Litig.,*
    No. 07-01357,
    2008 WL 5666635 (C.D. Cal. Sept. 12, 2008).................... 7, 8, 9, 11

*In re Static Random Access Memory (SRAM) Antitrust Litig.,*
    No. 07-md-01819,
    2011 WL 250317 (N.D. Cal. Jan. 25, 2011) ............................. 4, 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3   *Semeneck v. Ahlin,*
       No. 09-00566,
4       2010 WL 2510996 (E.D. Cal. June 17, 2010) .................................................. 3

5   *United States ex rel. Wilson v. Maxxam, Inc.,*
       No. 06-7497,
6       2009 WL 322934 (N.D. Cal. Feb. 9, 2009) ...................................................... 3

7

<u>**OTHER AUTHORITIES**</u>

8   4 Am. Jur. 2d Appellate Review
       § 123 (2010) ............................................................................................. 6, 7, 9
9
   Restatement of Restitution
10      § 160 (1937) .................................................................................................. 14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

v                    OPPOSITION TO MOTION TO CERTIFY
                                                              ORDER FOR INTERLOCUTORY APPEAL

1    In addition to asking the Court to reconsider its January 7, 2011 Order,

2    Defendants have also asked the Court to certify the Order for interlocutory appeal.

3    Like Defendants' motions relating to reconsideration, Defendants' motion to certify

4    an interlocutory appeal is filled with arguments previously made and rejected by the

5    Court, and arguments that were not previously made because they are irrelevant to

6    the present case.  Neither the old nor the new arguments cast any doubt on the

7    Court's January 7, 2011 Order.  Instead, Defendants are really asking to re-litigate

8    the underlying issues, which were not only decided by this Court, but have been

9    previously decided by the Ninth Circuit.  Such a request is improper, and

10   Defendants' request should be denied.

11   Because all of the motions filed by Defendants overlap, Defendants

12   incorporated a number of arguments between the three motions.  For the

13   convenience of the Court, Plaintiff also incorporates a number of its arguments into

14   multiple motions.  Accordingly, we respectfully submit that the Court should

15   review the opposition briefs in the following order: (1) Opposition to Motion to

16   Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b); (2) Opposition to Motion

17   for Leave to File Motion for Reconsideration of Order dated January 7, 2011; and

18   (3) Opposition to Motion for Reconsideration of Order dated January 7, 2011.

19   **I.     SUMMARY OF ARGUMENT**

20   The FDIC as Receiver for IndyMac, F.S.B. and FDIC as Receiver for

21   IndyMac Federal Bank, F.S.B.'s (collectively "FDIC-R") moved to certify this

22   Court's January 7, 2011 Order ("January 7 Order") for interlocutory appeal to the

23   Ninth Circuit, arguing that the Ninth Circuit may reverse this Court's rulings on: (1)

24   whether the FDIC loses the protection of FIRREA's administrative priority scheme

25   when it acts outside its statutory powers by breaching a pre-receivership contract,

26   and (2) whether 12 U.S.C. § 1821(d)(2)(G) preempts contractual consent

27   provisions.  The argument is wrong.  The Ninth Circuit has already decided these

28   issues in *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997), and this Court applied this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                1                OPPOSITION TO MOTION TO CERTIFY
                                               ORDER FOR INTERLOCUTORY APPEAL

binding precedent.  This is not a circumstance where other District Courts or even Courts of Appeal have ruled differently and the Ninth Circuit has yet to rule. Further, an interlocutory appeal would be inappropriate because, as the FDIC-R admits, an interlocutory appeal will not resolve the entire case.  Rather, regardless of any action by the Ninth Circuit, the parties will still need to engage in loan-level discovery and protracted litigation.  None of the FDIC-R's arguments call into question the binding precedent or the need for extensive discovery.  Nor has the FDIC-R otherwise shown that this is one of the rare cases for which interlocutory appeal is appropriate.[1]  Accordingly, Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac, F.S.B. (the "Trustee"), respectfully urges that this Court deny the FDIC-R's Motion to Certify.

## II.    STANDARD OF REVIEW

The Court has discretion to certify an interlocutory order for appeal only when (1) the order involves a controlling question of law; (2) there is substantial ground for differences of opinion as to that question; **and** (3) an immediate appeal has the potential to advance materially the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b) (emphasis added).  Certification for interlocutory appeal should be applied sparingly.  *See United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).  The party seeking review has the burden of showing "that

---

[1]    The FDIC-R's suggestion that its operations will come to a halt absent interlocutory appeal is disingenuous.  First, *Sharpe* was decided over 13 years ago; there is no surprise in this Court's holding that the FDIC-R cannot breach pre-receivership contracts or that it could lose the protections of FIRREA. Second, the other "affected" cases cited by the FDIC do not support its claim. Indeed, this Court recently denied the FDIC-R's motion to dismiss in *Professional Business Bank v. FDIC*, No. CV10-04614 GAF (C.D. Cal.), on the same grounds stated in its January 7 Order.  Rather than causing confusion, this provides clarity that the Court intends to follow binding precedent.  *See* Order Re: Motion to Dismiss, No. 10-cv-04614 (Feb. 18, 2011).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                          2                    OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

**exceptional** circumstances justify a departure of the basic policy of postponing appellate review until after the entry of a final judgment." *Arizona v. Ideal Basic Indus.* ("*In re Cement Antitrust Litig.*"), 673 F.2d 1020, 1026 (9th Cir. 1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 57 L. Ed. 2d 351, 362, 98 S. Ct. 2454, 2461 (1978)) (emphasis added)*; see also Lakeland Village Homeowners Ass'n v. Great Am. Ins. Group*, 727 F. Supp. 2d 887, 896 (E.D. Cal. 2010); *Friedman v. 24 Hour Fitness USA, Inc.*, No. CV 06-6282, 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009) (denying motion for certification of interlocutory appeal where court was "not convinced that [moving party] ha[d] carried its heavy burden to show that this is an 'exceptional situation' that would justify departure from the basic rule that appellate review becomes available only after entry of final judgment") (quoting *In re Cement*, 673 F.2d at 1026).  "Although certification by the district court is wholly discretionary, the rule of interlocutory appeal is to be applied sparingly and only in exceptional cases in furtherance of the long-standing federal policy against piecemeal appeals." *Chiron Corp. v. Abbott Labs.*, No. C-93-4380, 1996 WL 15758, at *1 (N.D. Cal. Jan. 3, 1996) (citations omitted); *see also Semeneck v. Ahlin*, No. 09-00566, 2010 WL 2510996, at *2 (E.D. Cal. June 17, 2010) ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.") (internal citation and quotation marks omitted).

     The moving party must meet all three factors of § 1292(b).  *See United States ex rel. Wilson v. Maxxam, Inc.*, No. 06-7497, 2009 WL 322934, at *11 (N.D. Cal. Feb. 9, 2009) ("A district court may certify appeal of interlocutory orders **only if three factors are present**.") (emphasis added).  Even where a party meets all three factors, the district court still has discretion to deny a motion for certification.  *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008) ("Even if these three requirements are satisfied, a district court still has the discretion in deciding whether or not to grant a party's motion for certification.").  The FDIC-R

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                3                OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1   has failed to meet its burden; none of the three factors is present, and if they were,

2   the Court should, in any event, use its discretion to deny the Motion to Certify.

3   **III.   ARGUMENT**

4   **A.   The FDIC-R has Failed to Satisfy the Requirements for**

5   **Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)**

6   The FDIC-R has failed to demonstrate that this is one of the **rare** cases for

7   which an interlocutory appeal is justified.  Focusing more on improperly rearguing

8   the issues, the FDIC-R has not met its burden of showing that all three factors are

9   met.  Accordingly, the Court should deny the FDIC-R's request that the Court

10   certify an interlocutory appeal.

11   1.   No Controlling Question of Law

12   FDIC-R has failed to satisfy the statutory requirement that this Court's

13   January 7 Order involve a controlling question of law.  A controlling question of

14   law exists "only in **exceptional** situations in which allowing an interlocutory appeal

15   would avoid protracted and expensive litigation."  *In re Cement*, 673 F.2d at 1027

16   (internal citations omitted) (emphasis added).  If, however, "an interlocutory appeal

17   would delay resolution of the litigation, it should **not** be certified."  *In re Static*

18   *Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819, 2011 WL

19   250317, at *1 (N.D. Cal. Jan. 25, 2011) (citing *Shurance v. Planning Control Int'l,*

20   *Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988)) (emphasis added).  Certification should

21   be denied where, if "this Court's ruling were affirmed, the interlocutory appeal

22   would have unnecessarily consumed appellate resources and made this complex

23   and hard fought litigation even more 'protracted and expensive' than it already is."

24   *Friedman,* 2009 WL 545783, at *2 (internal citation and quotation marks omitted).

25   Moreover, certification should be denied where, as here, it would not resolve all

26   claims against the FDIC-R.[2]  *See In re Conseco Life Ins. Cost of Ins. Litig.*, No. ML

27

28

---

[2]   The FDIC-R's argument that the Trustee's claims against the FDIC-C should
have any bearing on an interlocutory appeal is inappropriate in light of the fact

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                4                OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

04-1610, 2005 WL 5678841, at *2 (C.D. Cal. May 31, 2005) (explaining that if contrary ruling would **not** resolve all claims, this "alone is a sufficient basis to deny certification").  An interlocutory appeal here would significantly delay resolution of this case, cause the parties to incur substantial expense in briefing and arguing the issues before the Ninth Circuit, and unnecessarily consume judicial resources.

FDIC-R argues there are two controlling questions of law: (1) "whether absent repudiation, a breach of contract claim is subject to the FIRREA claims process and priority scheme" and (2) "whether Section 1821(d)(2)(G) renders contractual transfer restrictions unenforceable."  *See* Memorandum of Points and Authorities in Support of Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) ("Memo to Certify"), at 3, 7.  FDIC-R contends that a reversal by the Ninth Circuit would terminate all but one count in the Trustee's Complaint as prudentially moot.  *See id.* at 4.  Moreover, FDIC-R argues that without a reversal of this Court's January 7 Order, this case "would otherwise require protracted litigation, expansive briefing, potentially voluminous and expensive discovery . . . costly expert battles . . ., and many other avoidable expenses and delay."  *See id.* at 5.

First, as noted above, this statement is untrue.  To the contrary, an interlocutory appeal would serve only to cause the parties to incur significant cost and expense in briefing and arguing this case before the Ninth Circuit.  An interlocutory appeal would **not** resolve all of the Trustee's claims against the FDIC-R.  Specifically, Count II is not the subject of the FDIC-R's motion and, therefore, remains in the case.  *See id.* at 4-5.  Further, despite the FDIC-R's attempts to narrow the remaining issues, Count I is not barred as an unsecured general creditor claim.  *See id.* at 7.  Rather, Count I is subsumed within Count II because Count II

that the FDIC, in all its capacities, has consistently argued that each capacity be treated as a separate entity, each with different rights, duties and applicable legal standards.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8

5

OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

includes an allegation that the FDIC-R breached the Governing Agreements by failing to cure IndyMac's breaches. *See, e.g.,* Complaint, ¶ 136. Therefore, Count I survives as part of Count II, which the FDIC-R admits survives irrespective of an interlocutory appeal. In connection with any count or cause of action that survives, the main issue that the Court and the parties would have to resolve relates to whether there were breaches of representations or warranties in connection with the subject mortgage loans. *See* Complaint, ¶¶ 87, 91, 94, 99, 100, 125. This is likely to involve loan-level discovery and investigation. No matter how the FDIC-R's proposed appeal is resolved, this discovery would be necessary.[3] Accordingly, because an appeal would consume considerable resources for the parties, as well as judicial resources, without resolving all claims in this action, certification should be denied.

### 2.    No Substantial Ground for Difference of Opinion

"A party's disagreement with the district court's ruling is insufficient to demonstrate a substantial ground for difference of opinion." *See Lakeland*, 727 F. Supp. 2d at 896. Courts generally hold that this factor is only satisfied when there is a lack of authority on an issue – this is not the case here, where there is controlling authority on the issue, and authority that this Court followed in reaching its decision. *See id.*

> **If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal.** Disagreement among courts outside a particular circuit does not establish the 'substantial ground for difference of opinion' required to support an interlocutory appeal.

4 Am. Jur. 2d *Appellate Review* § 123 (2010) (emphasis added). "However, just because a court is the first to rule on a particular question, or just because counsel

---

[3]    Despite its panoply of motions, the FDIC-R did not move to stay the underlying litigation, and the Trustee would oppose such a motion if it did.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8        6        OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

contends that one precedent, rather than another, is controlling, does not mean that there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* "The fact that there is non-binding precedent in jurisdictions other than the Ninth Circuit is insufficient to show a substantial ground for difference of opinion" in light of the fact that there is "apposite and controlling precedent" from the Ninth Circuit. *In re First Am. Corp. ERISA Litig.*, No. 07-01357, 2008 WL 5666635, at \*2 (C.D. Cal. Sept. 12, 2008) (internal citation and quotation marks omitted).

The FDIC-R did not and cannot meet its burden on either of the issues it identifies – (a) whether a claim for post-receivership breach of a pre-receivership contract constitutes a "claim" subject to FIRREA's claim process or administrative priority scheme; or (b) whether § 1821(d)(2)(G) preempts contractual consent provisions – because *Sharpe* is binding authority on both issues.

a. Claim Issue – Interpretation of <em>Sharpe</em>

FDIC-R argues that the Ninth Circuit rejected this Court's interpretation of *Sharpe* in *McCarthy v. FDIC*, 348 F.3d 1075 (9th Cir. 2003). First, this claim alone does not create a sufficient difference of opinion. *See* 4 Am. Jur. 2d *Appellate Review* § 123. While *McCarthy* generally holds that claims against the FDIC for its actions while acting as receiver are subject to the administrative claims process, both *McCarthy* and this Court clearly expressed that *Sharpe* still governs cases like this one where the FDIC breached a pre-receivership contract that it did not repudiate. *See McCarthy*, 348 F.3d at 1078.[4] Moreover, as this Court recognized in its January 7 Order, *Sharpe* is clearly the controlling precedent in this case, and *McCarthy* only further supports that proposition. *See* 4 Am. Jur. 2d *Appellate Review* § 123 ("If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an

_____

[4] *See supra* at 16-21 for a more detailed discussion of *Sharpe* and *McCarthy*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8  7  OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

immediate appeal.").  This is not a case where there are multiple decisions by different District Courts or Courts of Appeal, but no definitive ruling from the Ninth Circuit.  To the contrary, even the FDIC argues that there is a binding and definitive ruling from the Ninth Circuit.  The fact that the FDIC disagrees with that Ninth Circuit opinion or disagrees with its application here is not "substantial ground for difference of opinion."  Further, the FDIC-R's argument that this Court's opinion, including its reliance on *Sharpe*, is "inapposite" to the Ninth Circuit's decision in *Battista v. FDIC*, 195 F.3d 1113, 1118 (9th Cir. 1999), fails for the same reason – *Sharpe* is clearly the controlling precedent in this case. Accordingly, as the Court followed binding precedent, there is no "substantial ground for difference of opinion."  *See* 28 U.S.C. § 1292(b); *In re First Am. Corp.*, 2008 WL 5666635, at *2 (denying certification where there was "apposite and controlling precedent" from Ninth Circuit).

Even if *Sharpe* **could** be read as not technically deciding whether the FDIC-R is entitled to the protections of the administrative priority scheme (i.e., it only decided that the administrative claims process and § 1821(j) do not apply), the FDIC-R failed to cite any authority that actually conflicts with this Court's decision that the administrative priority scheme does not apply when the FDIC-R acts **outside** of its statutory powers by breaching a pre-receivership contract.  *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (explaining that just because issue is one of first impression does not mean that there is substantial difference of opinion or that it is proper for interlocutory appeal).  Thus, even this tortured reading would not support the FDIC-R's Motion to Certify.

Because there is no difference of opinion within the Ninth Circuit, the FDIC-R argues that "four other appellate courts" disagree with this Court's interpretation of *Sharpe*.  This argument is no more availing, as this is insufficient to establish substantial grounds for difference of opinion.  "The fact that there is non-binding precedent in jurisdictions other than the Ninth Circuit is insufficient to show a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                              8                    OPPOSITION TO MOTION TO CERTIFY
                                                                ORDER FOR INTERLOCUTORY APPEAL

1  substantial ground for difference of opinion" in light of fact that there is "apposite

2  and controlling precedent" from the Ninth Circuit. *In re First Am. Corp.*, 2008 WL

3  5666635, at *2 (internal citation and quotation marks omitted); *see also* 4 Am. Jur.

4  2d *Appellate Review* § 123 ("Disagreement among courts outside a particular circuit

5  does not establish the 'substantial ground for difference of opinion' required to

6  support an interlocutory appeal."). This is also inconsistent with the FDIC-R's

7  mantra that the Ninth Circuit may reverse this Court's decision. Because the Ninth

8  Circuit has already ruled on this issue, there can be no reversal absent a

9  contradictory decision from the Ninth Circuit sitting *en banc* or the United States

10  Supreme Court.

11         Finally, in a last ditch attempt to satisfy this necessary element of § 1292(b),

12  the FDIC-R argues that the "statutory text, context, and purpose" of FIRREA

13  conflict with this Court's January 7 Order, thus establishing a substantial ground for

14  difference of opinion. *See* Memo to Certify at 17-19. Not surprisingly, the FDIC-R

15  has failed to cite any authority in support of its specious claim that a statute can

16  create a difference of opinion under § 1292(b). This argument should be rejected.

17  Because the FDIC-R has failed to meet its burden of showing that a substantial

18  difference of opinion exists as to whether a claim for post-receivership breach of a

19  pre-receivership contract constitutes a claim for purposes of the administrative

20  claims process or the administrative priority scheme, its Motion to Certify should

21  be denied.

22              b.     Consent Issue – Interpretation of *Waterview*

23         There is also no substantial difference of opinion on whether FIRREA

24  preempts state law contract rights because *Sharpe* answered that question too. The

25  FDIC-R incorrectly argues that *Sahni v. Am. Diversified Partners*, 83 F.3d 1054

26  (9th Cir. 1996), is controlling on the issue, but this Court expressly rejected that

27  argument in its Order. *See* January 7 Order, at 11 ("It is clear, however, that

28  Sahni's reasoning was directed to the issue of preemption of state partnership

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                    9                    OPPOSITION TO MOTION TO CERTIFY
                                                       ORDER FOR INTERLOCUTORY APPEAL

statutes, not state contract law."). Instead, this Court correctly applied the decision of the D.C. Circuit in *Waterview Mgmt. Co. v. FDIC*, 105 F.3d 696 (D.C. Cir. 1997), as the reasoning in *Waterview* was adopted by the Ninth Circuit in *Sharpe*. *See* January 7 Order, at 12 ("The Ninth Circuit adopted the reasoning of *Waterview* in *Sharpe v. FDIC*"). Because this Court adhered to binding Ninth Circuit precedent, which addressed the same issue that the FDIC-R is merely seeking to reargue and appeal here, no substantial ground for difference of opinion exists. Moreover, even assuming *arguendo* that there were no binding precedent (an assumption which does not apply in light of the Ninth Circuit's adoption of *Waterview*), the result would not be different. "[J]ust because a court is the first to rule on a particular question . . . does not mean that there is such a substantial difference of opinion as will support an interlocutory appeal." *See Couch*, 611 F.3d at 633.

The FDIC-R further contends that *Bank of New York v. FDIC*, 503 F.3d 1 (D.C. Cir. 2007) and *McAndrews v. Fleet Bank*, 989 F.2d 13, 17-19 (1st Cir. 1993), two non-binding Circuit Court of Appeals decisions, conflict with *Waterview*. As previously discussed, the Court need not evaluate whether these cases do or do not agree with *Waterview*. Even if they did, these two non-Ninth Circuit decisions cannot be used to support an argument that there is a substantial ground for difference of opinion in light of the binding Ninth Circuit precedent followed by this Court in holding that FIRREA does not preempt state contract law. *See Sharpe*, 126 F.3d at 1156-57 (adopting *Waterview*).[5] Accordingly, the FDIC-R has failed to show any substantial ground for difference of opinion on whether FIRREA preempts contractual consent provisions.

---

[5] For further discussion of *Bank of New York* and *McAndrews*, *see supra* at 24.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8          10          OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

3.   An Interlocutory Appeal Would Not Materially Advance
Termination of Litigation

Finally, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). "Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal on the management of the case." *See In re Static*, 2011 WL 250317, at *1. An interlocutory appeal should not be certified where it would not affect **other claims** remaining in the litigation. *See In re First Am. Corp.*, 2008 WL 5666635, at *3 (noting that "an immediate appeal from this portion of the order will not materially advance the ultimate termination of litigation as a whole, because it will not affect the Plan Participants' three other claims"). This factor is consistent with well-established law that interlocutory appeals should be granted only "sparingly" because of "the long-standing federal policy against piecemeal appeals." *See Chiron Corp.*, 1996 WL 15758, at *1 (internal citation omitted).

As discussed above, Counts I and II are entirely unaffected by the FDIC-R's instant motion, and therefore, remain in the case. These counts would require the same pre-trial discovery and procedures as would any of the counts that would be dismissed as the result of an appeal. Because discovery will proceed on Counts I and II, an interlocutory appeal would not materially advance the ultimate termination of the litigation.

**B.   The FDIC-R's Substantive Arguments Lack Merit**

Rather than meeting the requisite standard for an interlocutory appeal, the FDIC-R's Memo to Certify is merely an attempt to reargue its Motion to Dismiss. In fact, its Memo to Certify contains, almost exclusively, arguments that the FDIC-R never raised during the extensive briefing and argument on its Motion to Dismiss, which is not proper at this procedural stage. Accordingly, the Court should not even consider the FDIC-R's substantive arguments. Even were the Court to do so,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                11                OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

however, the FDIC-R's new arguments do not call into question the Court's decision in its January 7 Order.  *Sharpe* is the controlling precedent in this Circuit and dictates the Court's holdings (1) that the FDIC is not entitled to hide behind FIRREA's administrative priority scheme because it acted outside of its statutorily prescribed powers when it breached the PSAs by selling the servicing rights without the Trustee's consent, and (2) that § 1821(d)(2)(G) does not preempt contractual consent provisions.  As these issues have already been decided in this Circuit, there is no basis for this Court to reconsider or certify its January 7 Order for interlocutory appeal.

### 1. It Is Procedurally Improper for the FDIC-R to Assert New Arguments in Its Motion to Certify

It is well-established that an appellate court will not consider issues that were not properly raised before the district court. *See e.g., United States v. Carlson*, 900 F. 2d 1346, 1349 (9th Cir. 1990); *Crawford v. Lungren*, 96 F. 3d 380, 389 n.6 (9th Cir. 1996).  "Such forbearance is particularly appropriate where the appeal is interlocutory and the issue is not among those certified by the district court." *Life Ins. Co. of North America v. Reichardt,* 591 F. 2d 499, 506 (9th Cir. 1979).  Before an argument will be considered on appeal, "the argument must be raised sufficiently for the trial court to rule on it," *Broad v. Sealaska Corp*., 85 F. 3d 422, 430 (9th Cir. 1996), or fall within one of the narrow exceptions to the general rule that an issue may not be raised for the first time on appeal. *See Carlson*, 900 F. 2d at 1349.  The three narrow exceptions to the rule are: (1) there exist exceptional circumstances as to why the issue was not raised at the trial court; (2) the new issue arises while the appeal is pending because of a change in the law; or (3) when the issue presented is purely one of law and the opposing party would suffer no prejudice and would not have tried the case differently either by developing new facts in response to or advancing distinct legal arguments against the issue. *See id.* at 1349-50.  None of the narrow exceptions is applicable here.

1    There are no "exceptional circumstances" as to why the FDIC-R's new

2    arguments were not raised in support of its Motion to Dismiss at the District Court

3    level, nor has there been any recent change in the applicable law.  Indeed, the

4    FDIC-R provides no explanation whatsoever as to why its new arguments were not

5    previously raised before this Court.  It is apparent from the circumstances that the

6    FDIC-R is simply trying in desperation to take 7 year old authority that was already

7    established and well known and dress it up to arrive at a different result than it got

8    when the cases that actually are pertinent were considered.  This is not a situation

9    where there is new law or there was an oversight in failing to address controlling

10   law – the case on which the FDIC-R now relies cited to *Sharpe* and, as noted above,

11   acknowledged *Sharpe's* continuing application.  It is hard to argue with any

12   credibility that *McCarthy* is applicable, and the FDIC-R did not do so in its Motion

13   to Dismiss briefing or argument.  Only now does the FDIC-R make that claim.

14   Additionally, the FDIC-R's new arguments are not purely issues of law.

15   Because the Court ruled on these issues at the motion to dismiss phase, there is still

16   factual development needed to make any issues of law fully ripe.  More

17   importantly, the Trustee would be prejudiced if the FDIC-R is permitted to assert

18   such new arguments for the first time on appeal as the Trustee would have

19   advanced additional or different arguments in response to the FDIC-R's Motion to

20   Dismiss.  *See Carlson*, 900 F. 2d at 1349-50.  Accordingly, the Court should not

21   consider the FDIC-R's newly raised arguments.

22   The FDIC-R also now claims that because this Court dismissed the Trustee's

23   fiduciary duty claim, its constructive trust claim also fails.  *See* Memo to Certify, at

24   8.  In support of this frivolous argument, FDIC-R relies solely on *Haber Oil Co. v.*

25   *Swinerhart* ("*In re Haber Oil Co.*"), 12 F. 3d 426, 437 (5th Cir. 1994), a Fifth

26   Circuit opinion interpreting Texas law, despite the acknowledgement of the FDIC-

27   R that New York law applies to this case.  *Id.*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                13                OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1    Under well-settled New York law, a person wrongfully acquiring property
2    can be treated as a constructive trustee notwithstanding the lack of a fiduciary
3    relationship.  *See, e.g., In re Koreag, Controle et Revision S.A.,* 961 F. 2d 341, 353-
4    54 (2nd Cir. 1992); *E.W. Lines v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 743 F.
5    Supp. 176, 179-80 (S.D.N.Y. 1990) (imposing constructive trust under New York
6    law despite absence of fiduciary relationship); *see also Republic of the Philippines*
7    *v. Marcos,* 806 F. 2d 344, 355 (2nd Cir. 1986) (stating that "constructive trust is
8    simply a remedy to prevent unjust enrichment and may or may not involve a
9    fiduciary relationship") (citing to *Restatement of Restitution* § 160, comment a
10   (1937)).  While generally the four elements for a constructive trust are (1) a
11   confidential or fiduciary relationship; (2) a promise, express or implied; (3) transfer
12   of the subject res made in reliance on that promise; and (4) unjust enrichment, they
13   are not talismanic and a court may impose a constructive trust in the absence of
14   these elements.  *See United States v. Coluccio,* 51 F. 3d 337, 340 (2nd Cir. 1995);
15   *In re Koreag, Controle et Revision S.A.,* 961 F. 2d at 352-53.  A "constructive trust
16   will be erected whenever necessary to satisfy the demands of justice" and all that is
17   generally required is "that a party hold property under such circumstances in equity
18   and good conscience [it] ought not retain it."  *Simonds v. Simonds,* 45 N.Y.2d 233,
19   241-42, 380 N.E.2d 189, 194 (1978).

20   Further, the FDIC-R's additional argument that the Trustee's claim for a
21   constructive trust is improper because an express contract covers the parties'
22   understanding on the subject matter also fails.  *See* Memo to Certify, at 8, n.7.  A
23   party may plead a claim for constructive trust as an alternative, equitable remedy to
24   contract damages.  *See, e.g., ESI, Inc. v. Coastal Power Prod. Co.,* 995 F. Supp.
25   419, 436 (S.D.N.Y. 1998); *see also E.W. Lines,* 743 F. Supp. at 181.  "[T]he
26   Federal Rules of Civil Procedure permit such alternative pleading."  *ESI, Inc.,* 995
27   F. Supp. at 436.  Furthermore, whether or not the contract governs all of the parties'
28   duties and responsibilities and the conduct at issue remains in dispute and has not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                              14              OPPOSITION TO MOTION TO CERTIFY
                                                           ORDER FOR INTERLOCUTORY APPEAL

1   yet been adjudicated by this Court.  *See E.W. Lines,* 743 F. Supp. at 436 (rejecting

2   argument that plaintiff could not recover under equitable theories where conduct

3   and claims at issue were not related to either party's performance obligation under

4   written contracts).[6]  The FDIC-R's new arguments are improper, legally incorrect

5   and in no way support its motion for an interlocutory appeal.

6               2.      The FDIC-R Is Not Entitled To FIRREA's Protections When It

7                       Breaches Pre-Receivership Contracts

8                       a.      *Sharpe* Is the Controlling Precedent

9          As this Court is well aware, in *Sharpe*, the Ninth Circuit held that "FIRREA

10  does not authorize the breach of contracts, . . . [and] does not preempt state law so

11  as to abrogate state law contract rights. . . ."  *Sharpe*, 126 F.3d at 1155.  Rather, the

12  Court explained, FIRREA allows the FDIC to escape contractual obligations, but

13  "only through the prescribed mechanism" of 12 U.S.C. § 1821(e).  *Id.*

14          Section 1821(e) allows the FDIC to disaffirm or repudiate any contract

15          it deems burdensome and pay only compensatory damages.  FIRREA

16          does not permit the FDIC to breach contracts at will.

17  *Id.*  Because FIRREA does not allow the FDIC to breach pre-receivership contracts,

18  "[n]othing in the statute addresses whether a cause of action by a party to a contract

19  breached by the FDIC is considered a 'claim' for the purposes of the administrative

20

21  ────────────────

22  [6]   Additionally, the cases relied upon by the FDIC-R are inapposite as they do not
      discuss the availability of a constructive trust as an alternative remedy and do
23    not pertain to instances where, as here, the matter is at the initial pleadings stage
      and it has not yet been determined and/or remains disputed whether or not the
24    contract at issue governs all of the parties' rights, obligations and remedies.  *See
      Superintendent of Ins. for N.Y. v. Ochs ("In re First Cent. Fin. Corp."),* 377 F.
25    3d 209, 215-16 (2nd Cir. 2003) (holding at summary judgment stage that
      parties' rights and obligations were governed by written contract and, therefore,
26    constructive trust was improper); *City of Yonkers v. Otis Elevator Co.,* 844 F. 2d
      42, 48 (2nd Cir. 1988) (holding that constructive trust was improper based on
27    court's determination, after reviewing evidence before it, that written contract
      between parties covered subject matter at issue).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                          15                  OPPOSITION TO MOTION TO CERTIFY
                                                           ORDER FOR INTERLOCUTORY APPEAL

exhaustion requirement." *Id.* at 1156.  Additionally, "FIRREA does not address the consequences of the FDIC's breach of [a pre-receivership contract], but it cannot be the case that the FDIC is in a better position when it breaches a contract than when it chooses to repudiate pursuant to § 1821(e)." *Id.* at 1157.  The FDIC is not "free to breach any pre-receivership contract, keep the benefit of the bargain, and then escape the consequences by hiding behind the FIRREA claims process." *Id.* at 1156.  In other words, when the FDIC acts outside of its statutorily prescribed powers, it is not entitled to the protections afforded by FIRREA.  *Sharpe* is the binding precedent in this Circuit, and regardless of whether the FDIC-R agrees with the decision, it sends a clear message:  the FDIC can repudiate or enforce a pre-receivership contract, but it cannot breach a pre-receivership contract.  If the FDIC does breach a pre-receivership contract, it cannot then hide behind the protections of FIRREA, including the administrative priority scheme.

The Ninth Circuit's decision in *McCarthy* did not and could not overrule *Sharpe* – and during very extensive oral argument focused on this very issue, the FDIC-R never made such a contention.[7]  In *McCarthy,* the plaintiff filed a lawsuit stemming from the FDIC's restructuring of a loan for which the plaintiff had been pre-approved.  *See McCarthy*, 348 F.3d at 1077.  All of the relevant facts took place

---

[7]   The FDIC-R's reliance on *Battista* for the proposition that the administrative priority scheme applies to a broader class of claims than those subject to the administrative claims process is also unavailing.  *See* Memo to Certify at 16-17.  *Sharpe* holds that the FDIC loses the protections of FIRREA when it acts outside of its statutorily prescribed powers, i.e., the anti-injunction provision and the administrative claims process.  *See, e.g., Sharpe,* 126 F.3d at 1155-57.  There is no suggestion in *Sharpe* that the FDIC should be allowed to hide behind other provisions of FIRREA, and the FDIC offers no explanation as to why the administrative priority scheme should be treated any differently.  The FDIC's reliance on "the statutory text, context and purpose" is misplaced for the same reasons.  *See* Memo to Certify, at 17-19.  Additionally, as discussed in more detail below, § 1821(d)(20) does not apply to pre-receivership contracts that the FDIC assumed by operation of law.  *See, e.g., supra* at 22-23.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                                16                    OPPOSITION TO MOTION TO CERTIFY
                                                                   ORDER FOR INTERLOCUTORY APPEAL

1  post-receivership, i.e., there was no pre-receivership contract even at issue.  *See id.*

2  The plaintiff filed a claim against the FDIC asserting that the FDIC breached its

3  fiduciary duties; he did not assert a breach of contract claim at all.  After the FDIC

4  moved to dismiss because the plaintiff did not exhaust his administrative remedies,

5  the plaintiff argued that as a debtor his claims fell outside of the administrative

6  process and relied on *Sharpe* for this proposition.  *See id.*  Although recognizing

7  that *Sharpe* was an "unusual case," the Ninth Circuit explained that its decision

8  recognized that "the Sharpes were neither creditors nor debtors, but parties to a

9  contract they fully performed."  *Id.* at 1078.  "Accordingly, we reasoned, if [the

10 FDIC] merely breaching a contract were to make the Sharpes creditors subject to

11 the claims process, the FDIC would be free to breach any pre-receivership contract,

12 keep the bargain, and then escape the consequences by hiding behind the FIRREA

13 claims process."  *See id.* (internal citation and quotation marks omitted).  Because

14 the Court recognized that it would have been "a very different case" had the FDIC

15 repudiated the contract, it

16　　　concluded that a cause of action for breach of contract is not a 'claim'

17　　　subject to the FIRREA claims process.  Thus, we had no occasion to

18　　　decide whether a debtor's claim or action, like a creditor's, must be

19　　　exhausted, for the Sharpes were not debtors and **our decision turned**

20　　　**on the claimants' being aggrieved parties to a contract that the**

21　　　**FDIC had not repudiated**.

22 *Id.* (emphasis added).  Thus, contrary to the FDIC-R's suggestion, *McCarthy* reads

23 the key facts in *Sharpe* to be that the FDIC breached a pre-receivership contract that

24 it did not repudiate, the same facts as are present here.  Accordingly, rather than

25 explaining that *Sharpe* stood for the proposition that the plaintiffs "were not

26 required to submit their cause of action to the FDIC because they were not

27 creditors," *see* Memo to Certify at 10-11, as suggested by the FDIC-R, the Ninth

28 Circuit reiterated that when the FDIC breaches a pre-receivership contract, it is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                 17                 OPPOSITION TO MOTION TO CERTIFY
                                                 ORDER FOR INTERLOCUTORY APPEAL

1    entitled to the protections of FIRREA, such as the administrative claims process.[8]

2    This is further supported by the Court's ultimate holding in *McCarthy* – claimants

3    "who challenge conduct by the FDIC as receiver, must exhaust administrative

4    remedies before seeking judicial review," *id.* at 1081, – because the FDIC is not

5    acting **as receiver** when it breaches a pre-receivership contract; rather, it is acting

6    outside its statutorily prescribed powers when it does so.

7        Nothing in *Sharpe* or *McCarthy* supports the FDIC-R's extremely narrow

8    reading that *Sharpe* is limited to its specific facts that the plaintiffs were not

9    creditors.  Rather, the decision indicates that the real issue was the FDIC acting

10    outside of its statutorily prescribed powers and attempting to do so with impunity,

11    which is exactly what the FDIC-R is trying to do in this case.  *See Sharpe*, 126 F.3d

12    at 1157 (recognizing that Congress cannot have intended FDIC to be in better

13    position when it breaches pre-receivership contract than when it repudiates).  Even

14    at oral argument, counsel for the FDIC-R admitted to the Court that it is the FDIC's

15    position that "[t]here is no consequence" for the FDIC's breach of the PSAs.  *See*

16    Declaration of Gregory T. Parks ("Parks Decl."), Exh. A, at 30.

17        If the FDIC-R repudiated the PSAs, the Trustee would have had the valuable

18    servicing rights under the PSAs, which it could have sold to the highest bidder.

19    The FDIC-R is clearly in a better position because of its breach in this case than it

20

---

21    [8]   In fact, *McCarthy* actually contradicts the FDIC-R's claim that the Court's

22    decision in *Sharpe* turned solely "on the absence of a creditor relationship. . . .,"

    *see* Memo to Certify, at 10, because as the Court explained it had already

23    decided in *Henderson v. Bank of New Eng.*, 986 F.2d 319, 321 (9th Cir. 1993),

24    that the administrative process applied to all claims "susceptible of resolution

    through the claims process."  *See McCarthy*, 348 F.3d at 1079 (internal citation

25    and quotation marks omitted).  Accordingly, the issue of whether the claims

26    process applied to creditor, debtors or others had already been decided in the

    Ninth Circuit before the *Sharpe* decision.  However, the issue of whether the

27    claims process applied when the FDIC acted beyond its statutory powers had

28    not.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8        18        OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1  would have been if it repudiated – it retained the servicing rights, which it then sold

2  to OneWest, pocketing the proceeds for itself.

3      The FDIC-R's attempt to characterize the discussion in *Sharpe* about the

4  FDIC's failure to repudiate as *dicta* is disingenuous.  First, it completely ignores

5  *Sharpe's* holding that the FDIC acted outside its statutorily prescribed powers by

6  breaching a pre-receivership contract, which meant it was not entitled to the

7  protections of §1821(j).  *See, e.g., Sharpe*, 126 F.3d at 1155 (explaining that FDIC

8  cannot breach pre-receivership contracts, but it can repudiate them).  Further, even

9  if any portion of the discussion could arguably be considered *dicta*, "where a panel

10 confronts an issue germane to the eventual resolution of the case, and resolves it

11 after reasoned consideration in a published opinion, that ruling becomes the law of

12 the circuit, regardless of whether doing so is necessary in some strict logical sense."

13 *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004) (internal citation and

14 quotation marks omitted); *see also Dragor Shipping Corp. v. Union Tank Car Co.*,

15 371 F.2d 722, 726 (9th Cir. 1967) ("Where an appellate court decision rests on two

16 or more grounds, none can be relegated to the category of obiter dictum.").

17     Moreover, to the extent that the FDIC-R tries to distinguish the present case

18 from *Sharpe* on the grounds that the Sharpes had "fully performed" their

19 obligations under the terms of the settlement, but the Trustee only pleaded that it is

20 "fully performing," it is also a nonstarter.  In *Sharpe*, the FDIC held all of the

21 consideration for the contract, – the notes and the Sharpes' payment – while the

22 Sharpes were left with no consideration for their bargain.  The same is true here –

23 the FDIC held the valuable property, which it then sold off and kept the proceeds,

24 and left the Trustee with no consideration for its bargain.  The fact that the PSAs

25 require continued performance as opposed to a one time exchange does not

26 somehow create language in FIRREA allowing the FDIC to breach pre-receivership

27 contracts.  The FDIC-R acted outside of its statutorily prescribed powers regardless

28 of whether the PSAs are an executory contract.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/22246268.8          19          OPPOSITION TO MOTION TO CERTIFY
                                     ORDER FOR INTERLOCUTORY APPEAL

1        Finally, to the extent the FDIC-R is claiming that *McCarthy* overruled

2   *Sharpe*, it is wrong.  As a general rule, a three judge panel, like that which decided

3   *McCarthy*, cannot overrule circuit precedent.  *See, e.g., Delia v. City of Rialto*, 621

4   F.3d 1069, 1080 (9th Cir. 2010).  Rather, "[o]nce a panel resolves an issue in a

5   precedential opinion, the matter is deemed resolved, **unless overruled by the court**

6   **itself sitting en banc**, or by the Supreme Court."  *Miranda B. v. Kitzhaber*, 328

7   F.3d 1181, 1185 (9th Cir. 2003) (declining further review of settled precedent)

8   (emphasis added).  Whether the FDIC can breach a pre-receivership contract and

9   hide behind FIRREA is a settled issue in this Circuit.  It cannot.  Accordingly, there

10  is no need for this Court to reconsider its decision, let alone certify an interlocutory

11  appeal.

12               b.     The Other Cases Cited By The FDIC-R Do Not

13                     Contradict *Sharpe*

14        The FDIC-R attempts to confuse the real issues of this case by describing this

15  as a case about "post-seizure breaches by the receiver of unrepudiated contracts."

16  *See* Memo to Certify, at 13.  However, as this Court's opinion makes clear, like

17  *Sharpe*, this is a case about the FDIC-R's post-receivership breach of a pre-

18  receivership contract.  Accordingly, cases dealing with post-receivership contracts

19  are inapposite to the present case and cannot, by definition, conflict with *Sharpe*.

20  *See, e.g., Home Capital Collateral Inc. v. FDIC*, 96 F.3d 760, 762 (5th Cir. 1996)

21  (deciding whether administrative claims process applies to claims against FDIC for

22  breach of post-receivership contract).  Similarly, cases deciding whether claims

23  against the FDIC for post-receivership conduct that is not outside its statutorily

24  prescribed powers also have no bearing on the issues in this case.  *See, e.g., Stamm*

25  *v. Paul*, 121 F.3d 635, 642 (11th Cir. 1997) (holding that parties aggrieved by FDIC

26  when it is acting as receiver must exhaust administrative remedies); *Village of*

27  *Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 387-88 (6th Cir. 2008) (same);

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8          20         OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

*Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 393-94 (3d Cir. 1991) (same)[9]; *see also* Interim Statement of Policy Regarding Procedures To Be Used with Regard to Claims Based Upon Acts or Omissions of the Receiver, 59 Fed Reg. 10663-04, (Mar. 7, 1994) (same).  Rather than conflicting with *Sharpe*, this is the same holding the Ninth Circuit reached in *McCarthy*.  *See McCarthy*, 348 F.3d at 1081 (holding claims against FDIC as receiver for post-receivership conduct are subject to administrative claims process).  The FDIC-R failed to cite any authority that actually contradicts (or even conflicts with) *Sharpe*.

In addition, 12 U.S.C. § 1821(d)(20) actually supports the Court's determination that the Trustee is entitled to administrative priority because it shows Congress intended to give special treatment to claims for breach of contract against the receiver when the FDIC itself breached.  To the extent that the FDIC-R is arguing that § 1821(d)(20) allows it to breach pre-receivership contracts in the normal course, *see, e.g.,* Memo to Certify at 19, another argument being raised for the first time, such an argument is disingenuous and contrary to FIRREA.  It is indisputable that by operation of law, the FDIC steps into the shoes of the failed

---

[9]   Although it is not clear from the opinion, it appears that *Rosa* is an example of the FDIC "executing or approving" a contract as contemplated in § 1821(d)(20). For example, the court explained that the RTC decided to hire the employees of the failed bank, and "[a]s a means of encouraging employees to remain with [the new bank], RTC as conservator determined that it would assume and continue the plan."  *Rosa*, 938 F.2d at 388-89.  If the RTC had "assumed" the contracts by operation of law, it would not have needed to "hire" or "encourage" the employees.  Presumably the RTC had to actually assume or approve the plan because the failed bank's employment contracts with its employees terminate when the bank goes into receivership.  *See, e.g.,* 12 C.F.R. § 563.39 (2011).  Accordingly, this does not appear to involve a post-receivership breach of a pre-receivership contract.  Regardless, even if the plan in *Rosa* was a pre-receivership contract assumed by the RTC, the RTC did not breach the contract because the terms of the plan allowed for termination and the RTC merely exercised these rights.  *See Rosa*, 938 F.2d at 399.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                    21              OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1  institution.[10]  *See, e.g., O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86-87, 129 L.

2  Ed. 2d 67, 74-75, 114 S. Ct. 2048, 2054 (1994); *see also* 12 U.S.C. §

3  1821(d)(2)(A)(i) ("[t]he Corporation shall, as conservator or receiver, and by

4  operation of law, succeed to . . . all rights, titles, powers, and privileges of the

5  insured depository institution, and of any stockholder, member, accountholder,

6  depositor, officer, or director of such institution with respect to the institution and

7  the assets of the institution."). In other words, the FDIC does not need to execute

8  or approve a pre-receivership contract because by operation of law it became a

9  party to it. If it does not want to be a party, it must repudiate. *See, e.g., Sharpe*,

10  126 F.3d at 1155. Section 1821(d)(20) has no applicability to this case other than

11  as evidence of how Congress intended to treat breaches by the FDIC.

12     3. <u>Section 1821(d)(2)(G) Does Not Preempt Contractual Consent</u>

13      <u>Provisions</u>

14    In its Memo to Certify, the FDIC-R re-argues that *Sahni* stands for the

15  proposition that 12 U.S.C. § 1821(d)(2)(G) preempts contractual consent provisions

16  and controls this case. *See* Memo to Certify, at 19-20. This Court has already

17  considered and rejected that argument, saying "[i]t is clear, . . . that <u>Sahni</u>'s

18  reasoning was directed to the preemption of state <u>partnership statutes</u>, not state

19  <u>contract law</u>." *See* January 7 Order, at 11. Further, as this Court noted, in *Sharpe*,

20  the Ninth Circuit also decided this issue and held that FIRREA did not preempt

---

21  [10] Additionally, at oral argument on the motions to dismiss, **counsel for the FDIC**

22  **conceded that the FDIC assumed IndyMac's obligations**. *See* Parks Decl.,

23  Exh. A, at 27-28 ("[T]hey're acting under exactly the same contract. They

24  assume the obligations. They have the same liabilities that IndyMac would

24  have had."). Further, in an attempt to distinguish § 1821(d)(20), counsel also

25  argued that the provision **only** applies to

   the breach of an agreement, executed or approved by the

26     receiver [or] conservator. It does not say 'assumed.' These are

   for contracts that are explicitly adopted giving performance

27     going forward.

28  *Id.* at 38-39.

   OPPOSITION TO MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL

1    state contract law broadly enough to eviscerate a provision like that in the PSAs

2    requiring the Trustee's consent before the servicing rights are sold.  *See id.* at 13.

3    As with several other issues discussed herein, this issue was extensively briefed and

4    argued before the Court: The FDIC-R's attempt to reargue these issues here is

5    improper and should be ignored by the Court.

6         To the extent that the FDIC-R is again improperly raising new arguments in

7    support of its claim that contractual consent provisions are preempted, these

8    arguments are also without merit.  First, this issue was decided by the Ninth Circuit

9    in *Sharpe* when it adopted the reasoning of *Waterview*, so there is no basis for

10   reconsideration or an interlocutory appeal.  *See, e.g., Sharpe*, 126 F.3d at 1156-57.

11   Second, none of the cases relied upon by the FDIC-R relates to § 1821(d)(2)(G),

12   and therefore, none is in "conflict" with this Court's decision or *Sharpe*.  *See, e.g.,*

13   *Bank of N.Y.*, 503 F.3d at 7 (holding that under § 1821(e)(12)[11] FDIC validly

14   enforced contract despite *ipso facto* clause)[12]; *McAndrews v. FleetBank*, 989 F.2d

15   13, 20 (1st Cir. 1993) (holding that § 1821(e)(12) applied retroactively, but did not

16   constitute a taking).  The FDIC-R's arguments based on the statutory text and the

17   Bankruptcy Code are similarly not relevant, and do not create a conflict such that

18   this Court should reconsider or certify its Order for interlocutory appeal.

19

20

21

22

_____

23   [11]  This provision was renumbered by Congress, and is now § 1821(e)(13).  *See*
     *Bank of N.Y.,* 503 F.3d at 4 n.2.  But, as the cases relied upon by the FDIC-R
24   and the FDIC-R's Memo to Certify use the old numbering, for consistency, the
25   Trustee also used the old numbering.

26   [12]  To the extent that the FDIC is claiming that *Bank of New York* overruled
     *Waterview*, this is also incorrect because a three judge panel, like that in *Bank*
27   *of New York*, cannot overrule prior circuit precedent.  *See, e.g., LaShawn A. v.*
28   *Barry*, 87 F.3d 1389, 1396 (D.C. Cir. 1996).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8          23          OPPOSITION TO MOTION TO CERTIFY
                                    ORDER FOR INTERLOCUTORY APPEAL

**IV.**   **CONCLUSION**

The FDIC-R's motion reveals that it simply just does not like the outcome of the Court's January 7 Order.  However, this Court's Order recognizes that, despite the FDIC's broad powers, it cannot act with impunity.

FDIC-R does not enjoy *carte blanche*, for there is no federal policy that the deposit insurance fund should always win.  Courts have ruled numerous times that, despite its 800-pound gorilla-like statutory powers, the FDIC over-stepped its legal authority, and this Court joins them.

*Adagio Investment Holding Ltd. v. FDIC*, 338 F. Supp. 2d 71, 79-80 (D. D.C. 2004) (internal citation, alterations and quotation marks omitted).  In its January 7 Order, this Court did as well.  There is no basis for the relief sought by the FDIC-R.  The Motion to Certify should be denied and the case should move forward.

For the foregoing reasons, the Trustee respectfully requests that the FDIC-R's Motion to Certify be denied.

Dated:     March 21, 2011              MORGAN, LEWIS & BOCKIUS LLP
                                       JAMI WINTZ MCKEON
                                       DAVID L. SCHRADER


                                       By ___/s/ Jami Wintz McKeon_____
                                          Jami Wintz McKeon
                                          Attorneys for Plaintiff
                                          Deutsche Bank National Trust
                                          Company, as Trustee for certain
                                          residential-backed securitization trusts
                                          sponsored by IndyMac Bank, F.S.B.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22246268.8                24              OPPOSITION TO MOTION TO CERTIFY
                                             ORDER FOR INTERLOCUTORY APPEAL