1  MORGAN, LEWIS & BOCKIUS LLP
   JAMI WINTZ MCKEON, State Bar No. 237923
2  jmckeon@morganlewis.com
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel:  415.442.1000
4  Fax: 415.442.1001

5  MORGAN, LEWIS & BOCKIUS LLP
   DAVID L. SCHRADER, State Bar No. 149638
6  dschrader@morganlewis.com
   300 South Grand Avenue
7  Twenty-Second Floor
   Los Angeles, CA  90071-3132
8  Tel:  213.612.2500
   Fax: 213.612.2501
9
   Attorneys for Plaintiff
10 Deutsche Bank National Trust Company, as Trustee
   for certain residential-backed securitization trusts
11 sponsored by IndyMac Bank, F.S.B.

12                    UNITED STATES DISTRICT COURT

13         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 14  DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for certain residential mortgage-backed Trusts sponsored by IndyMac Bank, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of IndyMac Bank, F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Conservator and Receiver of IndyMac Federal Bank F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Government Entity, <br><br> Defendants. | Case No. CV09-3852 GAF (FFMx) <br><br> **OPPOSITION OF DEUTSCHE BANK NATIONAL TRUST COMPANY TO MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DATED JANUARY 7, 2011** <br><br> Date: April 18, 2011 <br> Time: 9:30 a.m. <br> Dept.: 740, Roybal Building <br> Judge: Gary A. Feess <br><br> [Opposition to Motion to Certify Order, Declaration of Gregory T. Parks and Opposition to Motion for Reconsideration filed concurrently herewith] |

On January 7, 2011, after 6 months of briefing, the submission of 6 briefs, and almost one hour of argument, this Court entered a detailed Order granting in part and denying in part Defendants' Motions to Dismiss. Defendants have now filed three motions: (1) a motion for leave to seek reconsideration of the Court's Order, (2) a motion for reconsideration (in the event that the Court grants the requested leave), and (3) a motion to certify the Court's Order for interlocutory appeal. None of these motions is well grounded, and none should be granted. Interlocutory appeal is plainly improper here because the Ninth Circuit has already decided the issues that Defendants want to appeal. In addition, the bases on which Defendants seek leave to reconsider are specious, do not meet the clear requirements of the applicable rule, and in large part rely on a case that Defendants claim is controlling, but which (a) is not and (b) was handed down over 7 years before argument and in no way changes the Court's ruling; indeed, no party even considered it worth discussing in their briefs. The Court's January 7 Order was exhaustive, well reasoned and entered after providing the parties ample time for briefing and argument. It is time for this case to move on, and Defendants' effort for another bite at the apple should be denied.

Because these motions all intersect, Plaintiff has tried to avoid burdening the Court with repetitive arguments. Defendants incorporated some of their briefing in the motions they submitted, and Plaintiff also has done so. Accordingly, we respectfully submit that the Court should review the opposition briefs in the following order: (1) Opposition to Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b); (2) Opposition to Motion for Leave to File Motion for Reconsideration of Order dated January 7, 2011; and (3) Opposition to Motion for Reconsideration of Order dated January 7, 2011.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO MOTION FOR LEAVE TO
FILE MOTION FOR RECONSIDERATION

## I. SUMMARY OF ARGUMENT

The FDIC as Receiver for IndyMac, F.S.B. and FDIC as Receiver for IndyMac Federal Bank, F.S.B.'s (collectively "FDIC-R") has moved for leave to file a motion for reconsideration of this Court's January 7, 2011 Order in light of "new authorities." *See* Memorandum of Points and Authorities in Support of Motion for Leave to File Motion for Reconsideration, at 1 ("Memo for Leave"). In fact, however, the "new" authorities pre-date (by years) the briefing on the motions to dismiss, and the FDIC-R concedes that it has failed to satisfy any of the requirements for reconsideration under Local Rule 7-18. The reality is that the FDIC-R's motion is nothing more than an attempt to re-argue a motion that was the subject of six briefs totaling 119 pages and presented to the Court at extensive oral argument. Moreover, the allegedly new authorities are not applicable and would not change the Court's ruling, even if it were procedurally proper to raise them at this late date.

Accordingly, under the applicable authorities, Plaintiff Deutsche Bank National Trust Company, as Trustee for certain residential mortgage-backed securitization trusts sponsored by IndyMac, F.S.B. (the "Trustee"), respectfully urges that the FDIC-R's motion must – and should – be denied.

## II. STANDARD OF REVIEW

A motion for reconsideration may only be made upon "(a) **a material difference** in fact or law from that presented to the Court before such decision **that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration** at the time of such decision, or (b) the **emergence of new material facts or a change of law occurring after** the time of such decision, or (c) a **manifest showing of a failure to consider material facts presented to the Court before such decision**." *See* Cal. Cent. Dist. L.R. 7-18 ("Local Rule 7-18") (emphasis added). The Local Rules further provide that "[n]o motion for

reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*. None of these conditions is met here; indeed, the motion fails each of these tests.

"Motions for reconsideration are disfavored and rarely granted." *See Brown v. United States*, Nos. CV-09-8168, CR 03-847, 2011 WL 333380, at *3 (C.D. Cal. Jan. 31, 2011) (internal citations omitted). A motion for reconsideration "is not a vehicle to reargue the motion." *Id.* (internal citations omitted).

This Court has many times observed and held that a motion for reconsideration that fails to satisfy the requirements of Local Rule 7-18 **must be denied**. *See Davidson v. Culver City*, No. 04-2220, 2004 WL 5361891, at *1 (C.D. Cal. Sept. 20, 2004) ("The court **cannot grant** reconsideration unless the moving party demonstrates that one of the circumstances required by Local Rule 7-18 exist.") (Feess, J.) (emphasis added); *Yagman v. Colello*, No. 07-1311, 2007 WL 1223899, at *1 (C.D. Cal. April 23, 2007) ("Plaintiffs have failed to demonstrate any of the grounds for reconsideration, which is sufficient reason to deny their motion.") (Feess, J.); *United States ex rel. Cericola v. Fed. Nat'l Mortgage Ass'n*, No. 03-2294, 2007 WL 4644626, at *1 (C.D. Cal. Dec. 27, 2007) ("Having failed at the very outset to cite [Local Rule 7-18], let alone meet, the appropriate standard, the motion for reconsideration is denied.") (Feess, J.).

In addition, "a motion for reconsideration may not be used as a device to raise new legal arguments which could have been raised previously, nor may it be based on repetition of arguments already considered by the Court." *See Davidson*, 2004 WL 5361891, at *6; *see also Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration.") (citation omitted); *Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1054 (C.D. Cal. 2001) ("[T]his Court need not address an issue raised for the first time in a reconsideration

motion.") (Feess, J.). The FDIC-R's Motion for Leave falls woefully short of these standards.

## III. ARGUMENT

### A. The FDIC-R Admits That Its Motion Does Not Satisfy the Requirements of Local Rule 7-18

FDIC-R has admittedly failed to satisfy the requirements of Local Rule 7-18. *See* Memo for Leave, at 1. In fact, the Motion for Leave and Memo for Leave in support thereof do not even attempt to set forth how the FDIC-R meets any of the requirements of Local Rule 7-18. Instead, the FDIC-R simply asks the Court for leave because:

> the Court did not have an opportunity to consider – in light of the parties' incomplete briefing – controlling precedents that significantly alter the cases on which this Court relied . . . and reconsideration is warranted at this early stage of the litigation in order to save significant discovery and litigation costs, as well as the time and resources that this Court would have to devote these claims if they survived the motion to dismiss.

*Id.* at 1-2.[1] In other words, the FDIC-R is asking the Court to reconsider an issue that is so important that the FDIC allegedly did not adequately brief it, i.e., cite precedent that is over 7 years old, when moving to dismiss the Complaint in the first instance despite having over 9 months to formulate its Motion to Dismiss, and despite the fact that the authority on which it seeks to rely now was known to the

---

[1] The FDIC-R also argues that "reconsideration is also warranted . . . because this Court's decisions will have ramifications on other pending cases (including another case in this Court, *Professional Business Bank v. FDIC as Receiver for First Heritage Bank, N.A.*, CV10-04614 GAF (AGRx))." To the extent the FDIC-R is arguing this as a basis for reconsideration, this Court has already denied the FDIC's motion to dismiss in *Professional Business Bank* in accordance with the January 7 Order at issue in this case. *See* Order Re: Motion to Dismiss, No. 10-cv-04614 (Feb. 18, 2011). Accordingly, reconsideration on this ground should be rejected.

1  parties and could have been raised with the Court.  Had this been an oversight or
2  even a mistake by the FDIC-R, this motion still would have to be denied under the
3  Local Rule.  There is no conceivable argument that this authority "could not have
4  been known" to the FDIC-R; indeed, it was known and the FDIC-R does not claim
5  otherwise.

6  The contention that the parties' briefing was "incomplete" is belied by the
7  facts.  The FDIC-R filed an opening brief of 30 pages, the FDIC-Corporate filed an
8  opening brief of 10 pages, the Trustee filed a response to the FDIC-R's brief of 30
9  pages and a response to the FDIC-Corporate's brief of 12 pages, the FDIC-R filed a
10 reply brief of 30 pages, and the FDIC-Corporate filed a reply brief of 7 pages.
11 After that briefing, the Court held oral argument in which it issued a tentative
12 decision and still gave the parties time to argue for approximately one hour.
13 Nothing about that process could be characterized as "incomplete" or not enough of
14 an opportunity to present argument.  Moreover, the argument itself was focused in
15 large part on the very issue the FDIC-R now seeks to reargue.  The case it now
16 claims is important (*McCarthy*) references, discusses and cites with approval the
17 decision in *Sharpe* – the case which both parties and the Court recognized is the key
18 case.  All parties knew of this case; they didn't raise it because, in fact, it is not
19 pertinent.  The FDIC-R argues to the contrary now only because the Court ruled
20 against it.  To now claim briefing was incomplete is simply untrue.

21 The FDIC-R argues that the opportunity to re-litigate an issue that has
22 already been extensively briefed and argued will supposedly save the parties and
23 the Court's resources.  This contention is wrong.  Re-litigating an issue that has
24 already been decided will only cause the parties and the Court to expend more
25 resources.  When considered in context, it is quite clear that the FDIC-R is simply
26 unhappy with the Court's decision and seeking a second bite at the apple.  This is
27 not a proper basis for a motion for reconsideration.  To the contrary, it is exactly the
28 opposite.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5   OPPOSITION TO MOTION FOR LEAVE TO
FILE MOTION FOR RECONSIDERATION

There is no question that the FDIC-R cannot satisfy the requirements of Local Rule 7-18. First, there is no "material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence **could not have been known** to the party moving for reconsideration at the time of such decision." *See* Local Rule 7-18(a) (emphasis added). Regrettably, but tellingly, the FDIC-R in its brief quoted only part of Local Rule 7-18(a), eliminating the necessary requirement that the material difference in law "in the exercise of reasonable diligence **could not have been known** to the party moving for reconsideration at the time of such decision." *See* Memo for Leave, at 1 (emphasis added). As the FDIC-R concedes, the "new" authorities it relies upon predate the motion to dismiss briefing. *See id.* ("However, the requirements for filing a motion for reconsideration might not be fully met because these newly-cited authorities predate the briefing on the motion to dismiss."). These "new" authorities were easily known to the FDIC-R at the time of its motion to dismiss briefing and certainly were known. *See* [Proposed] Memorandum in Support of Motion for Reconsideration, at 1-3 (relying on *McCarthy v. FDIC*, 126 F.3d 1147 (9th Cir. 1997) and *Battista v. FDIC*, 195 F.3d 1113 (9th Cir. 1999) as "new" authorities).

Second, the FDIC-R has not argued and cannot argue "the emergence of new material facts or a change of law occurr[ed] after the time of such decision." *See* Local Rule 7-18(b). Finally, FDIC-R has not made "a manifest showing of a failure to consider material facts **presented to the Court before such decision.**" *See* Local Rule 7-18(c) (emphasis added). There was nothing presented to the Court before the decision that it failed to consider, and the FDIC-R does not argue that there was. Nowhere in the FDIC-R's motion and supporting memorandum does it make a suggestion of the sort, let alone the requisite showing.

Rather than meeting any of the requirements, the FDIC-R is doing exactly what the Rule prohibits – it is repeating oral and written arguments made in support

of the original motion. *See* Local Rule 7-18. FDIC-R is clearly dissatisfied with the outcome of its Motion to Dismiss and is impermissibly seeking to reargue its cause. It seeks reconsideration, not based on any of the mandatory grounds in Local Rule 7-18, but because it disagrees with this Court's decision. It justifies its position by challenging the Court's interpretation of *Sharpe* and *Waterview* as purportedly inconsistent with other decisions, including non-binding cases decided by other Courts of Appeals and the statutory text of FIRREA. None of these provides a valid ground for reconsideration under Local Rule 7-18. Moreover, the FDIC-R could have raised these points and relied on these cases in its motion to dismiss briefing, particularly its reply brief, in response to the Trustee's reliance on *Sharpe* and *Waterview*. *See Davidson*, 2004 WL 5361891, at *6 ("[A] motion for reconsideration may not be used as a device to raise new legal arguments which could have been raised previously, nor may it be based on repetition of arguments already considered by the Court."); *see also Novato Fire Prot. Dist.*, 181 F.3d at 1141 n.6 ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration.") (internal citation omitted); *Spacey*, 207 F. Supp. 2d at 1054 ("[T]his Court need not address an issue raised for the first time in a reconsideration motion.") (Feess, J.).

As explained in more detail in the Trustee's Opposition to the FDIC-R's Motion to Certify an Interlocutory Appeal, none of the cases the FDIC-R now claims constitutes "controlling precedent" is even relevant to the instant case, which is why neither party cited them in the first place. Contrary to the FDIC-R's claim that the parties' briefing was "incomplete," both parties were well aware of the *McCarthy* case and other cases cited by the FDIC-R. The failure to make arguments that were available to the parties at the time, but not made in extensive briefing is simply not a sufficient basis for a motion for reconsideration. Accordingly, the FDIC-R's Motion for Leave to File a Motion for Reconsideration should be denied for failing to satisfy Local Rule 7-18.

**B.     The FDIC-R's Motion for Leave to File a Motion for Reconsideration Should Not be Granted as a Matter of Discretion**

Unable to meet the standards for reconsideration as required under Local Rule 7-18, the FDIC-R instead contends that the Court has discretion to grant leave to file a motion for reconsideration or otherwise reconsider the matter *sua sponte*, relying solely on the Fifth Circuit case of *McKethan v. Tex. Farm Bureau,* 996 F. 2d 734, 738 n.6 (5th Cir. 1993) and Federal Rule of Civil Procedure 54(b). *See* Memo for Leave, at 1. However, *McKethan* is a Fifth Circuit case that originated in the United States District Court for the Western District of Texas, does not address this Court's Local Rule that is precisely on point, and is not controlling on this Court. Unlike the Central District of California, the Western District of Texas does not have a local rule which sets forth the specific requirements for reconsideration. *See, e.g.,* Local Rules for the Western District of Texas, *available at* http://www.txwd.uscourts.gov/rules/online.

The pertinent local rule does not provide the discretion for which the FDIC-R argues. Indeed, the language disposes of that argument, as this Court has regularly recognized. Additionally, while Federal Rule of Civil Procedure 54(b) permits a court to revise its interlocutory orders, it does not prescribe the particular standards or requirements for reconsideration as does Local Rule 7-18. Federal Rule of Civil Procedure 83 specifically allows the district courts to promulgate local rules, such as Local Rule 7-18, to govern their practices and procedures. *See* Fed. R. Civ. P. 83. Federal Rule of Civil Procedure 54(b) and Local Rule 7-18 together govern the standards for reconsideration in this Court. *See, e.g., Lamle v. City of Santa Monica,* No. 04-6355, 2010 WL 3734868, at *2 (C.D. Cal. July 23, 2010); *City of Colton v. Am. Promotional Events, Inc.,* No. 09-1864, 2010 WL 4569038, at *4 (C.D. Cal. 2010). Local Rules have the same force and effect of law so long as not inconsistent with the Federal Rules. *See Prof'l Programs Group v. Dep't of Commerce*, 29 F. 3d 1349, 1353 (9th Cir. 1994); Fed R. Civ. P. 83 (a). Departure

1  from the Local Rules is justified only if the effect on the substantial rights of the
2  parties is so slight and unimportant that the sensible treatment is to overlook it, and
3  that is not the case here.  *See id*.

4      The FDIC fails to cite to any authority in support of its Motion for Leave
5  where, as here, the standards and requirements of Local Rule 7-18 have not been
6  satisfied.[2]  Moreover, the FDIC-R's motion is an example of why there is such a
7  rule.  Having engaged the Court in the reading and analysis of hundreds of pages of
8  briefs and decisions, over a period of almost one year, and through almost an hour
9  of extensive oral argument devoted to these very issues, the FDIC-R now moves for
10 leave to submit a motion for reconsideration for the sole reason that it does not like
11 the result.  There are no new facts, new authorities or changed circumstances.  The
12 case on which the FDIC-R hangs its hat is 7 years old, was known and knowable
13 long before the January 7 Order, and all of the issues were fully argued to the
14 Court.  There is no basis to permit leave to file such a motion, and doing so would
15 be inconsistent with multiple rulings of this Court and set a dangerous precedent.

---

[2]  Additionally, even in districts where the local rules governing reconsideration are not as stringent or specific as the rules in the Central District, reconsideration sought pursuant to Federal Rule of Civil Procedure 54(b) is only appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest justice.  *See e.g., Cachil Dehe Band of Wintum Indians of Colusa Indian Cmty. v. California,* 649 F. Supp. 2d 1063, 1069-70 (E.D. Cal. 2009).  The FDIC-R's Motion for Leave fails to meet any of these requirements.  Additionally, in the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation.  A motion for reconsideration should not be used as a vehicle to simply rehash arguments previously made, as the FDIC-R attempts to do here.  *See id.*  The party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.  *See id.*  The FDIC-R has clearly not met its burden by any standards.

## IV. CONCLUSION

The FDIC-R failed to provide any support for its Motion for Leave and fails to meet the requirements of the Local Rule. For that reason alone, its motion should be denied. Moreover, because its Motion for Reconsideration will be based on irrelevant law that it could have cited in the original briefing or argument on the Motion to Dismiss, and that would not change the result of the ruling, the Court should deny the FDIC-R's request for leave.

Dated: March 21, 2011

MORGAN, LEWIS & BOCKIUS LLP
JAMI WINTZ MCKEON
DAVID L. SCHRADER


By  /s/ Jami Wintz McKeon
Jami Wintz McKeon
Attorneys for Plaintiff
Deutsche Bank National Trust Company, as Trustee for certain residential-backed securitization trusts sponsored by IndyMac Bank, F.S.B.