MORGAN, LEWIS & BOCKIUS LLP
JAMI WINTZ MCKEON, State Bar No. 237923
jmckeon@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
dschrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501

Attorneys for Plaintiff
Deutsche Bank National Trust Company, as Trustee
for certain residential-backed securitization trusts
sponsored by IndyMac Bank, F.S.B.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for certain residential mortgage-backed Trusts sponsored by IndyMac Bank, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of IndyMac Bank, F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Conservator and Receiver of IndyMac Federal Bank F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Government Entity, <br><br> Defendants. | Case No. CV09-3852 GAF (FFMx) <br><br> **OPPOSITION OF DEUTSCHE BANK NATIONAL TRUST COMPANY TO MOTION FOR RECONSIDERATION OF ORDER DATED JANUARY 7, 2011** <br><br> Date:  April 18, 2011 <br> Time:  9:30 a.m. <br> Dept.:  740, Roybal Building <br> Judge:  Gary A. Feess <br><br> [Opposition to Motion to Certify Order, Declaration of Gregory T. Parks and Opposition to Motion for Leave to File Motion for Reconsideration filed concurrently herewith] |

In response to the Court's January 7, 2011 Order, Defendants filed three motions asking the Court to reconsider its decision and to certify an interlocutory appeal. All three motions raise similar arguments, but none calls into question the correctness of the Court's January 7, 2011 Order, which followed binding Ninth Circuit precedent. Rather, the Defendants' motions are simply too little and too late.

As the motions are interrelated, Defendants incorporated a number of arguments from one motion into another motion. For the convenience of the Court, Plaintiff also incorporates some of its arguments into multiple briefs. Accordingly, we respectfully submit that the Court should review the opposition briefs in the following order: (1) Opposition to Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b); (2) Opposition to Motion for Leave to File Motion for Reconsideration of Order dated January 7, 2011; and (3) Opposition to Motion for Reconsideration of Order dated January 7, 2011. Plaintiff incorporates herein the arguments made in its briefs in opposition to the Motion to Certify and the Motion for Leave.

## I.    SUMMARY OF ARGUMENT

In the event the Court grants its motion for leave to move for reconsideration, the FDIC as Receiver for IndyMac, F.S.B. and FDIC as Receiver for IndyMac Federal Bank, F.S.B. (collectively "FDIC-R") has filed a proposed motion for reconsideration of this Court's January 7, 2011 Order, ostensibly in light of "new authorities." *See* [Proposed] Memorandum in Support of Motion for Reconsideration, at 1 ("Memo for Reconsideration"). As discussed in the Opposition to the Motion for Leave, the proposed reconsideration should not be permitted or granted.

The FDIC-R seeks reconsideration of the Court's holdings "(1) that [b]ecause *Sharpe* establishes that a claim against the FDIC for post-seizure breach of contract does not constitute a 'claim' under [FIRREA's administrative claims process

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

OPPOSITION TO MOTION FOR
RECONSIDERATION

1  provisions] and (2) that Section 1821(d)(2)(G) does not render contractual consent-

2  to-transfer requirements unenforceable." *Id.* The FDIC-R has asserted no valid

3  basis in support its motion and reconsideration of these holdings is not warranted.

4  First, the FDIC-R has failed to satisfy *any* of the requirements for reconsideration

5  under Local Rule 7-18. Second, the "new" authorities relied on by the FDIC-R

6  have no bearing on the issues in this case, let alone on the Court's Order. As the

7  "new" authorities cited by the FDIC-R are neither new nor applicable, Deutsche

8  Bank National Trust Company, as Trustee for certain residential mortgage-backed

9  securitization trusts sponsored by IndyMac, F.S.B. (the "Trustee"), respectfully

10 requests that the FDIC-R's motion be denied.

11    The FDIC-R also requests that this Court dismiss Counts I and IV as

12 prudentially moot. *See* Memo for Reconsideration, at 3. This request should be

13 denied because Count I is subsumed within Count II, which was not challenged by

14 the FDIC-R and which survived the motion to dismiss, and dismissal of Count IV

15 would require this Court to make factual findings that are inappropriate at the

16 motion to dismiss stage.

17 **II.   ARGUMENT**

18    For the reasons set forth in the Trustee's Opposition to Motion for Leave, the

19 FDIC-R has failed to satisfy the requirements of Local Rule 7-18 governing

20 reconsideration. For this reason alone, reconsideration should be denied.

21 Moreover, the FDIC-R's arguments that *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir.

22 1997) and *Waterview Mgmt. Co. v. FDIC*, 105 F.3d 696 (D.C. Cir. 1997) are no

23 longer controlling are incorrect for all of the reasons stated in the Trustee's

24 Opposition to Motion for Leave and Opposition to Motion to Certify.

25    The FDIC-R also argues that this Court should dismiss Counts I and IV of

26 the Trustee's Complaint as prudentially moot. This too is incorrect. Count I is

27 subsumed within Count II (which, as the FDIC-R concedes, survives its motions)

28 because Count II includes an allegation that the FDIC-R breached the Governing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1    Agreements by failing to cure IndyMac's breaches. *See, e.g.,* Complaint, ¶ 136.

2    Accordingly, Count I should not be dismissed as prudentially moot.  As this issue

3    was briefed in the Trustee's Opposition to Motion to Certify, for the Court's

4    convenience, the Trustee will not burden the Court by rearguing the same points,

5    and relies on that Opposition and its prior briefing and argument on the issue.

6    Moreover, the FDIC-R's request that this Court dismiss Count IV as prudentially

7    moot requires this Court to make factual findings on the status of the IndyMac

8    receivership estate and to conclude that the Trustee's claims with respect to the

9    Radian trusts are general liabilities of the receivership. *See* Memo for

10    Reconsideration, at 3-4.  Factual findings on these issues are inappropriate at the

11    motion to dismiss stage, where the only facts relevant to this dispute are those

12    presented in the Trustee's Complaint.  Accordingly, neither Count I nor Court IV

13    should be dismissed as prudentially moot.

14        For the reasons stated herein and in its Opposition to Motion for Leave and

15    Opposition to Motion to Certify, the Trustee respectfully requests this Court deny

16    the FDIC-R's Motion for Reconsideration.

17

18    Dated:    March 21, 2011        MORGAN, LEWIS & BOCKIUS LLP
                                     JAMI WINTZ MCKEON

19                                     DAVID L. SCHRADER

20

21                            By   /s/ Jami Wintz McKeon
                                  Jami Wintz McKeon

22                                  Attorneys for Plaintiff
                                  Deutsche Bank National Trust

23                                  Company, as Trustee for certain
                                  residential-backed securitization trusts

24                                  sponsored by IndyMac Bank, F.S.B.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

OPPOSITION TO MOTION FOR
RECONSIDERATION