LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3852 GAF (FFMx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Federal Deposit Insurance Corporation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**       (In Chambers)

### ORDER RE: STATUS OF FDIC-R'S MOTION FOR RECONSIDERATION AND MOTION TO CERTIFY INTERLOCUTORY APPEAL

        On May 29, 2009, Deutsche Bank National Trust Company ("Deutsche Bank") filed this suit against the Federal Deposit Insurance Corporation ("FDIC") in various capacities as the successor to IndyMac Bank, FSB, which failed in 2008.  (Docket No. 1, Compl.)  FDIC filed a motion to dismiss Deutsche Bank's complaint, which the Court granted in part and denied in part on January 7, 2011.  (Docket No. 58.)  Thereafter, FDIC filed a motion to certify the Court's January 7 Order for interlocutory appeal, a motion for leave to file a motion for reconsideration, and a motion for reconsideration of the Court's January 7 Order.  (Docket Nos. 59, 60.)  The Court granted the motion for leave to file a motion for reconsideration on May 2, 2011.  (Docket No. 77.)  At that time, the Court also denied the motion for reconsideration in part, declining to revise the earlier ruling that FIRREA § 1821(d)(2)(G)(i)(II) does not preempt contractual consent-to-transfer requirements.  (Id.)  The Court deferred ruling on the remainder of the motion for reconsideration, which relates to the issue of prudential mootness, and on the motion to certify an interlocutory appeal until after a hearing on those motions.  (Id.)  The Court held a hearing on those motions on May 9, 2011.  (Docket No. 80.)

        On May 3, 2011, Deutsche Bank filed a First Amended Complaint ("FAC") in this action.  (Docket No. 79.)  Ninth Circuit case law is clear that an "amended pleading supersedes the original pleading."  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  "[A]fter amendment[,] the original pleading no longer performs any function and is 'treated thereafter as

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3852 GAF (FFMx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Federal Deposit Insurance Corporation | | |

non-existent.'"  Id. at 1262 (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).  Thus, a motion to dismiss an original complaint becomes moot once an amended complaint is filed.  See, e.g., Hammond v. Wal-Mart Stores, Inc., No. 10-1788, 2011 WL 1668209, at *3 (E.D. Cal. May 2, 2011); Ramirez v. Giurbino, No. 10-1292, 2010 WL 5236772, at *1 (S.D. Cal. Dec. 16, 2010); Harvey v. City of S. Lake Tahoe, No. 10-1653, 2010 WL 3749061, at *2 (E.D. Cal. Sept. 23, 2010); Jimenez v. Homecomings Fin., No. 09-0146, 2009 WL 1651923, at *1 (N.D. Cal. June 11, 2009).  Thus, a motion to reconsider an order on a motion to dismiss an original complaint must also become moot upon the filing of an amended complaint.  Similarly, it appears that the motion to certify an interlocutory appeal of the Court's order on the motion to dismiss the original complaint has also become moot.  It therefore appears that, without further action by the parties, such as the preparation of a stipulation acknowledging that, in relevant part, the FAC is unchanged from the original complaint and the motion should be deemed directed to the FAC, the Court cannot properly rule on either of the pending motions in this case, despite having invested substantial time considering them.[1]

Deutsche Bank and FDIC are hereby **ORDERED** to advise the Court of their respective positions on the issue under present circumstances.  The Court would accept a stipulation along the lines mentioned above.  If the parties do not believe that such an approach is appropriate, they should submit a joint statement setting forth a proposed course of action.  If the parties disagree on the proper course, the statement should set forth their respective positions.  In either event, the parties' response to this order should not to exceed five (5) pages and should be submitted  **no later than June 3, 2011**.  The parties are invited to offer authority indicating that the Court can properly rule on the motion to reconsider and the motion to certify despite the filing of an amended complaint that supersedes the complaint on which those motions are based.

**IT IS SO ORDERED.**

---

[1]  In the alternative, the parties may wish to stipulate to have Deutsche Bank withdraw the First Amended Complaint without prejudice to refiling it after the Court has issued its order on the motion for reconsideration and the motion for certification of an interlocutory appeal.